KENT COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. KC-2021-1037

| Karen O'Connor et al. | § | Location: | **Kent County Superior Court** |
| v. | § | Filed on: | **12/03/2021** |
| **Nationstar Mortgage LLC d/b/a Mr. Cooper et al.** | § | US District Court Case Number: | **1-22-cv-00002** |
| | § | | |
| | § | | |

---

### CASE INFORMATION

**Statistical Closures**
01/04/2022    Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: **Civil Action**

Case Status: **01/04/2022    Closed**

---

| DATE | CASE ASSIGNMENT |
| --- | --- |

**Current Case Assignment**

| | |
| --- | --- |
| Case Number | KC-2021-1037 |
| Court | Kent County Superior Court |
| Date Assigned | 12/03/2021 |

---

### PARTY INFORMATION

| | | | Lead Attorneys |
| --- | --- | --- | --- |
| **Plaintiff** | **Alex, Roger** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Blanchette, Glen** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Coderre, Jane** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Davis, Lisa** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Dupree, Dorinda A** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Heon, Christopher** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Inderlin, Joseph** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Jencks, Robert C** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Kuhn, Lori M** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| | **Means, Dolores Ann** | | **Dion, Todd**<br>*Retained*<br>4019654131(W) |

# SC Docket Sheet

## Case No. KC-2021-1037

|  |  |  |
|---|---|---|
| | O'Connor, Karen M | **Dion, Todd** |
| | | *Retained* |
| | | 4019654131(W) |
| | Sachetti, Shannon K | **Dion, Todd** |
| | | *Retained* |
| | | 4019654131(W) |
| | Spooner, Allan A | **Dion, Todd** |
| | | *Retained* |
| | | 4019654131(W) |
| | Terrian, James P | **Dion, Todd** |
| | | *Retained* |
| | | 4019654131(W) |
| | Terrian, Jennifer M | **Dion, Todd** |
| | | *Retained* |
| | | 4019654131(W) |
| **Defendant** | **Federal Home Loan Mortgage Association** | **BODURTHA, SAMUEL C** |
| | | *Retained* |
| | | 6172137000(W) |
| | **Federal National Mortgage Association** | |
| | | **Pro Se** |
| | **Nationstar Mortgage LLC d/b/a Mr. Cooper** | |
| | | **Pro Se** |
| | **Secretary of Veteran Affairs** | |
| | | **Pro Se** |

| Date | Events & Orders of the Court |
|---|---|
| 01/04/2022 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 01/04/2022 | Case Removed to US District Court |
| 01/03/2022 | Notice |
| | *Notice of Filing Notice of Removal* |
| 01/03/2022 | Entry of Appearance |
| | *Notice of Appearance of Samuel C. Bodurtha* |
| 12/03/2021 | Summons |
| 12/03/2021 | Complaint Filed |
| | *initial class action complaint* |



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: Karen O' Connor, et al  vs.  Nationstar Mortgage, FNMA, et al

Federal Court Case No. 1-22-cv-2    State Court Case No. KC-2021-1037

**Record Information**

Confidential:    Yes ☐    No ☑    Description: _____

Sealed documents:    Yes ☐    No ☑    Description: _____

**Certification**

I, Dennis Ricci _____, Clerk of the Rhode Island Superior Court for the County of Kent _____ do certify that the attached documents are all the documents included in the record in the above referenced case.

Date: Jan/4/2022

Clerk:
/s/ Danielle Keegan _____

Prepared by:
/s/ Dennis Ricci _____

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 4 of 162 PageID #: 83

# EXHIBIT A

A3093\306083941.v1

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KAREN M. O'CONNOR; JOSEPH INDERLIN; ROBERT C. JENCKS; LORI M. KUHN; DORINDA A. DUPREE; DOLORES ANN MEANS; CHRISTOPHER HEON; GLEN BLANCHETTE; JENNIFER M. TERRIAN; JAMES P. TERRIAN; JANE CODERRE; SHANNON K. SACCHETTI; LISA DAVIS; ROGER ALIX and ALLAN A. SPOONER On behalf of themselves and all others so similarly situated, | CIVIL ACTION NO. 1:22-cv-2 |
| Plaintiffs, | |
| v. | |
| NATIONSTAR MORTGAGE, LLC (n/k/a MR. COOPER); FEDERAL NATIONAL MORTGAGE ASSOCIATION; FEDERAL HOME LOAN MORTGAGE CORPORATION; AND SECRETARY OF VETERANS AFFAIRS, | |
| Defendants. | |

## NOTICE OF REMOVAL

To:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF RHODE ISLAND

Pursuant to 28 U.S.C. §§ 1441, 1442, 1446 and DRI LR 81, Defendant Federal Home Loan

Mortgage Corporation ("Freddie Mac") hereby files this Notice of Removal from the Kent County

Superior Court to the United States District Court for the District of Rhode Island. As grounds for

removal, Freddie Mac states as follows:

## I. PROCEDURAL BACKGROUND AND NATURE OF ACTION

1.      On December 3, 2021, Plaintiffs filed a Complaint in the Kent County Superior

Court against Freddie Mac and all other named defendants under C.A. KC-2021-1037. (A copy of

the Complaint is attached as *Exhibit A*.)

1046848\309823954.v1

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

2.      The Complaint challenges the Defendants' foreclosure of real property located in the State of Rhode Island.

3.      In the Complaint, the Plaintiffs allege that the Defendants breached their mortgage contracts by foreclosing on these properties through a servicer but without a mortgage loan servicing license issued by the State of Rhode Island.

## II. FREDDIE MAC HAS AUTHORITY TO REMOVE THIS CASE AS A FEDERAL AGENCY

4.      28 U.S.C. § 1442 permits the United States or any agency thereof to remove a civil action that is commenced in a State court to the District Court of the United States for the district and division embracing the place where the case is pending.

5.      Pursuant to 12 U.S.C. § 1452(f), any civil action, case or controversy in a court of a state to which Freddie Mac is a party may at any time before trial be removed to the District Court of the United States for the district and division embracing the place where the same is pending.

6.      Federal law permits Freddie Mac to remove this case to the United States District Court for the District of Rhode Island.

7.      Freddie Mac is permitted to unilaterally remove this case to federal court regardless of whether the other defendants join in the removal notice. *See, e.g. Akin v. Ashland Chem, Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir. 1992); *Ely Valley Mines, Inc. v. Hartford Accident and Indem. Co.*, 644 F.2d 1310, 1314-15 (9th Cir. 1981); *Bradford v. Harding*, 284 F.2d 307, 310 (2nd Cir. 1960); *see also* 14C Wright, Miller & Cooper, *Federal Practice and Procedure* § 3727, at 166-68 (3d ed. 1998).

2

1046848\309823954.v1

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS Document 1-4 Filed 01/04/22 Page 7 of 162 PageID #: 86

## III. DEFENDANTS HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

8.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), as fewer than 30 days have elapsed since Freddie Mac was served with process. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

9.      Plaintiffs served Freddie Mac on December 13, 2021.

10.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to the Plaintiffs and will be filed with the appropriate clerk, following filing of this Notice of Removal.

11.     Within 14 days of filing this Notice of Removal, Freddie Mac will file with this Court certified copies of the docket sheet and all document filed in the state court action, pursuant to LR Cv 81.

12.     Freddie Mac reserves the right to amend or supplement this Notice of Removal and reserve all rights and defenses in this action, including those available under Fed. R. Civ. P. 12.

WHEREFORE, this action should be removed to the United States District Court for the District of Rhode Island.

3

1046848\309823954.v1

Respectfully submitted,

FEDERAL HOME LOAN MORTGAGE
CORPORATION

By: Its Attorneys

/s/ Samuel C. Bodurtha
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
401-751-0842
401-751-0072  (facsimile)
sbodurtha@hinshawlaw.com

Dated:        January 3, 2022

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 3, 2022.

/s/ Samuel C. Bodurtha
Samuel C. Bodurtha, Bar #7075

1046848\309823954.v1

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS Document 4 Filed 01/04/22 Page 9 of 162 PageID #: 88

# EXHIBIT A

A3093\306083941.v1

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1   Filed 01/04/22   Page 10 of 162   PageID #: 89

**STATE OF RHODE ISLAND**
**KENT, SC**

**SUPERIOR COURT**

```
                                        )
KAREN M. OCONNOR; JOSEPH INDERLIN;      )
ROBERT C. JENCKS; LORI M. KUHN; DORINDA A. )
DUPREE; DOLORES ANN MEANS; CHRISTOPHER   )        CA. NO.
HEON; GLEN BLANCHETTE; JENNIFER M. TERRIAN;)
JAMES P. TERRIAN; JANE CODERRE, SHANNON K. )        COMPLAINT
SACCHETTI, LISA DAVIS, ROGER ALIX AND    )
ALLAN A. SPOONER                         )        CLASS ACTION
On behalf of themselves and all others so similarly situated,)
                                        )        JURY DEMANDED
                    Plaintiffs,         )
                                        )
   vs.                                  )
                                        )
NATIONSTAR MORTGAGE LLC (nka MR. COOPER; )
FEDERAL NATIONAL MORTGAGE ASSOCIATION;   )
FEDERAL HOME LOAN MORTGAGE ASSOCIATION; )
and SECRETARY OF VETERAN AFFAIRS         )
                                        )
                    Defendants.         )
                                        )
```

## INTRODUCTION

1.     The Representative Plaintiffs, Karen M. OConnor, Joseph Inderlin, Robert C. Jencks, Lori

M. Kuhn, Dorinda A. Dupree, Dolores Ann Means, Christopher Heon, Glen Blanchette, Jennifer

M. Terrian, James P. Terrian, Jane Coderre, Shannon K. Sacchetti, Lisa Davis, Roger Alix and

Allan A. Spooner, on behalf of themselves and all others so similarly situated, bring this class

action as described in the paragraphs set forth herein. The Representative Plaintiffs seek damages

and declaratory judgments that foreclosures and mortgagee's foreclosure sales of the Plaintiffs'

properties by Defendants are void due to Defendants breaches of contract and breaches of

condition precedents to the Statutory Power of Sale for failing to foreclose in a manner prescribed

by "applicable law" by foreclosing and conducting mortgagee's sales in violation of R.I.G.L. § 19-

14.11-1. Said statute and mortgage contracts required that the Defendant first obtain a third-party

servicing license with the State of Rhode Island Department of Business Regulation prior to

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1   Filed 01/04/22   Page 81 of 162   PageID #: 90

foreclosing on the Representative Plaintiffs' properties. Representative Plaintiffs further seek damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

2.      The Representative Plaintiffs herein pray this Honorable Court find that the Defendants are in Breach of Contract, declare that foreclosures and mortgagee sales of the Representative Plaintiffs and class members mortgages and properties be declared void, enjoin the Defendants from further wrongful conveyance of Plaintiffs and class members properties, that the Defendants be Ordered to return the Representative Plaintiffs and class members to their status prior to the wrongful foreclosures and sales, including but not limited to, the rescission of all wrongful foreclosures and sales, and award the Plaintiffs and class members damages for the Defendants misconduct.

## <u>JURISDICTION AND VENUE</u>

3.      Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

4.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiff are typical of the claims of the class. Further, the Representative Plaintiff will fairly and adequately protect the interest of the class.

5.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

2

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

1:22-cv-00002-MSM-PAS Document 4 Filed 03/04/22 Page 12 of 162 PageID #: 91

6.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

8.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

9.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

10.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

11.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the void foreclosures.

12.     Plaintiff and members of the class claim a right to seek actual, exemplary, punitive, and monetary damages for the Defendant's violation of R.I.G.L. § 19-14.11-1 and breach of the mortgage contracts.

## **PARTIES**

13.     Representative Plaintiff, Karen M. OConnor, claims to be the rightful owners of 15 Darrow Drive, Warwick, RI 02852 which is one of the "subject properties" referenced herein. She is located at 4 Wasp Road, North Kingstown, RI 02852.

14.     Representative Plaintiff, Joseph Inderlin, claims to be the rightful owners of 6 Blackcreek Lane, Warwick, RI 02888 which is one of the "subject properties" referenced herein. He is located at 4706 Alexander Valley Dr. #103, Charlotte, NC 28270.

15.     Representative Plaintiff, Robert C. Jencks, claims to be the rightful owners of 29 Tyler Street, Warwick, RI 02888 which is one of the "subject properties" referenced herein. He is located at 79 Haswell Street, Warwick, RI 02889.

3

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS Document 1 Filed 01/04/22 Page 13 of 162 PageID #: 92

16.     Representative Plaintiff, Lori M. Kuhn, claims to be the rightful owners of 7 Bayonne Avenue, Warwick, RI 02889 which is one of the "subject properties" referenced herein.  She is located at 59 Coburn Street, Warwick, RI 02889.

17.     Representative Plaintiffs, Dorinda A. Dupree and Dolores Ann Means, claim to be the rightful owners of 78 Calendar Avenue, Newport, RI 02840 which is one of the "subject properties" referenced herein.  They are located at 8863 Hinsdale Heights Dr., Polk City, FL 33868.

18.     Representative Plaintiff, Christopher Heon, claims to be the rightful owner of 20 Laforge Drive, Coventry, RI 02816 which is one of the "subject properties" referenced herein.  He is located at 1 Waterman Road, Coventry, RI 02816

19.     Representative Plaintiff, Glen Blanchette, claims to be the rightful owner of 27 Green Street, Cumberland, RI 02864 which is one of the "subject properties" referenced herein.  He is located at 34 Tower Hill Road, Cumberland, RI 02864.

20.     Representative Plaintiffs, Jennifer M. Terrian and James P. Terrian, claim to be the rightful owners of 24 Juniper Hill Drive, Coventry, RI 02816 which is one of the "subject properties" referenced herein.  They are located at 49 Crystal Drive, Warwick, RI 02889.

21.     Representative Plaintiff, Jane Coderre, claims to be the rightful owner of 138 Spring Valley Drive, East Greenwich, RI 02818 which is one of the "subject properties" referenced herein. She is located at PO Box 550, Little Compton, RI 02837.

22.     Representative Plaintiff, Shannon K. Sachetti, claims to be the rightful owner of 165 Grand View Drive, Warwick, RI 02886 which is one of the "subject properties" referenced herein. She is located at PO Box 7882, Warwick, RI 02887.

23.     Representative Plaintiff, Lisa Davis, claims to be the rightful owner of 9 Nimitz Road, East Providence, RI 02916 which is one of the "subject properties" referenced herein. She is located at 9 Arrowhead Lane, South Dartmouth, MA 02748.

24.     Representative Plaintiff, Roger Alix, claims to be the rightful owner of 363 Arcadia Road, Richmond, RI 02832 which is one of the "subject properties" referenced herein. He is located at 300 Parkview Dr. #19, Pawtucket, RI 02861.

25.     Representative Plaintiff, Allan A. Spooner, claims to be the rightful owner of 32 Vine Street, East Providence, RI 02914 which is one of the "subject properties" referenced herein. He is located at 210 Division St. Apt 14, Pawtucket, RI 02860.

26.     Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper, is a mortgage servicer located at 8950 Cypress Waters Blvd., Coppell, TX 75261. Nationstar failed to obtain a third-party servicing license and was not permitted by the Applicable Law provisions of Class Plaintiffs' Mortgages to act on behalf of Defendant Fannie Mae in order to notice, publish and invoke the Statutory Power of Sale on the properties of Class Plaintiffs. Nationstar further was not permitted by applicable law and the mortgage contracts to execute all affidavits and foreclosure deeds of behalf of Fannie Mae.

27.     Defendant, Federal National Mortgage Association claimed to hold the Representative Plaintiffs O'Connor, Inderlin, Jencks, Kuhn, Dupree, Means, Heon, Blanchette, Terrian, Coderre, Sachetti and Davis' Mortgages and Notes at the time of the invalid and void foreclosure sales. Fannie Mae employed Nationstar to service and foreclose on the mortgages while knowing or should have known that Nationstar did not have a servicing license in accordance with Rhode Island Law. Fannie Mae is located at 1100 15th Street, Washington, DC 20005.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00020-MSM-PAS Document 4 Filed 01/04/22 Page 15 of 162 PageID #: 94

28.     Defendant, Federal Home Loan Mortgage Association ("Freddie Mac") claimed to hold the Representative Plaintiff Alix's Note at the time of the invalid and void foreclosure sale. Freddie Mac employed Nationstar to service, hold and foreclose on the mortgages while knowing or should have known that Nationstar did not have a servicing license in accordance with Rhode Island Law.  Freddie Mac is located at 8200 Jones Branch Drive, McLean, VA 22102.

29.     Defendant, Federal Home Loan Mortgage Association ("Freddie Mac") claimed to hold the Representative Plaintiff Alix's Note at the time of the invalid and void foreclosure sale. Freddie Mac employed Nationstar to service, hold and foreclose on the mortgages while knowing or should have known that Nationstar did not have a servicing license in accordance with Rhode Island Law.  Freddie Mac is located at 8200 Jones Branch Drive, McLean, VA 22102.

30.     Defendant, Secretary of Veteran Affairs ("Secretary of VA") claimed to hold the Representative Plaintiff Spooner's Note at the time of the invalid and void foreclosure sale. Secretary of VA employed Nationstar to service, hold and foreclose on the mortgages while knowing or should have known that Nationstar did not have a servicing license in accordance with Rhode Island Law.  Secretary of VA is located at State Capitol Building 3rd Floor, 1100 Bank Street, Richmond, VA 23219.

31.     At all times herein mentioned, Defendants, Nationstar and Fannie Mae, Nationstar and Freddie Mac and Nationstar and Secretary of VA, both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

32.     Defendants, Nationstar and Fannie Mae, Nationstar and Freddie Mac and Nationstar and Secretary of VA, had actual and/or constructive knowledge of the acts of the other as described

6

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts

## **ALLEGATIONS OF THE OCONNOR REPRESENTATIVE PLAINTIFF**

33.     The OConnor Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

34.     Representative Plaintiff, Karen M. OConnor, claims to be the rightful owner of 15 Darrow Drive, Warwick, RI 02852 which is the "subject property" referenced herein.

35.     On July 17, 2002, the Plaintiff OConnor was conveyed the subject property. The Deed granting the property to Plaintiff was recorded in the City of Warwick Land Evidence Records in Book 4107, at page 239 on July 22, 2002.

36.     On November 18, 2008, Plaintiff OConnor executed a promissory note and mortgage deed in favor of Mortgage Electronic Registration Systems ("MERS") as mortgagee and Flagstar Bank as lender. ("OConnor Mortgage/Note"). The OConnor Mortgage was recorded in the City of Warwick Land Evidence Records in Book 7030, at page 131 on April 3, 2009.

37.     The OConnor Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law.</u> Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

7

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

38.     On June 6, 2013, MERS purportedly assigned the subject mortgage to Defendant, Fannie Mae. Said purported "Assignment of Mortgage" was recorded in the City of Warwick Land Evidence Records in Book 7979 Page 94 on June 17, 2013.

39.     Nationstar became the servicer of the OConnor Mortgage on or about 2012.

40.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

41.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

**8**

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:50 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 18 of 162   PageID #: 97

42.     On or about May 11, 2017, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff OConnor a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of July 25, 2017. Nationstar also caused to published said notice on July 4, 2017, July 11, 2017 and July 18, 2017.

43.     The Plaintiff OConnor alleges that from July 1, 2015 through August 29, 2017, including on May 11, 2017 through August 7, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

44.     The Plaintiff OConnor alleges that on July 25, 2017, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the OConnor Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

45.     The Plaintiff OConnor alleges, that on July 27, 2017, Nationstar executed an Affidavit pursuant to R.I.G.L. 34-27-4(c) and a Foreclosure Deed for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on August 7, 2017 in the City of Warwick Land Evidence Records in Book 8874 at Page 124.  Such action is were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

46.     The OConnor Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Lilly Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY

9

ase Number: KC-2021-1037
led in Kent County Superior Court
ubmitted: 1/3/2022 3:20 PM
nvelope: 3431275
eviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 19 of 162   PageID #: 98

POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Lilly Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

47.     As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the OConnor Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

48.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the OConnor Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

49.     The OConnor Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

**ALLEGATIONS OF THE REPRESENTATIVE INDERLIN PLAINTIFF**

10

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS Document 4 Filed 01/04/22 Page 20 of 162 PageID #: 99

50.     The Representative Plaintiff Inderlin repeats and re-alleges every allegation above as if set forth herein in full.

51.     Representative Plaintiff, Joseph Inderlin, claims to be the rightful owner of 6 Blackcreek Lane, Warwick, RI 02888 which is the "subject property" referenced herein.

52.     On or about August 31, 1995, Plaintiff Inderlin was conveyed the subject property. The Deed granting the property to Plaintiff Indelin was recorded in the City of Warwick Land Evidence Records Book 2418 at Page 150 on August 31, 1995.

53.     On May 8, 2006, Plaintiff Inderlin executed a promissory note and mortgage deed in the sum of Two Hundred Ninty-One Thousand Dollars ($291,000.00) in favor of GMAC Mortgage Corp as lender and MERS as mortgagee. ("Inderlin Mortgage/Note"). The Inderlin Mortgage was recorded in the City of Warwick Land Evidence Records in Book 6193 at page 124 on May 30, 2006.

54.     The Inderlin Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable</u>

11

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00004-MSM-PAS   Document 1-1   Filed 01/04/22   Page 21 of 162 PageID #: 100

<u>Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

55.     On March 22, 2013, Nationstar purportedly assigned the subject mortgage to Fannie Mae.

Said purported "Assignment of Mortgage" was recorded in the City of Warwick  Land Evidence

Records in Book 7932 Page 272 on April 11, 2013.

56.     Nationstar became the servicer of the Inderlin Mortgage on or about 2012.

57.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

58.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

59.     On or about February 24, 2016, Nationstar, acting as third-party servicer on behalf of

Fannie Mae, caused to be sent to Inderlin a Notice of Mortgagee Foreclosure Sale. Said Notice of

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 4   Filed 01/04/22   Page 22 of 162 PageID #: 101

Mortgagee Foreclosure Sale stated a sale date of April 19, 2016. Nationstar also caused to published said notice on March 29, 2016, April 5, 2016 and April 12, 2016.

60.    The Inderlin Plaintiff alleges that from July 1, 2015 through August 29, 2017, including on February 24, 2016 through May 25, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

61.    The Inderlin Plaintiff alleges, that on April 19, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Inderlin Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

62.    The Inderlin Plaintiff alleges, that on April 28, 2016, Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae. The Foreclosure Deed was recorded on May 25, 2016 in the City of Warwick Land Evidence Records in Book 8585 at Page 34. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

63.    The Inderlin Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Inderlin Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the

13

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 23 of 162 PageID #: 102

Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""" and the property secured by the Inderlin Mortgage can only be sold in a manner prescribed by and subject to ""applicable law""".

64.     As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law""", thus breaching the Inderlin Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

65.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Inderlin Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law""". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

66.     The Inderlin Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE REPRESENTATIVE PLAINTIFF JENCKS

67.     The Representative Plaintiff Jencks repeats and re-alleges every allegation above as if set forth herein in full.

14

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:23-cv-00002-MSM-PAS Document 4 Filed 01/04/22 Page 24 of 162 PageID #: 103

68.  Representative Plaintiff, Robert C. Jencks, claims to be the rightful owner of 29 Tyler Street, Warwick, RI 02888 which is one of the "subject properties" referenced herein.

69.  On June 30, 2005, Plaintiff Jencks was conveyed the subject property. The Deed granting the property to Plaintiff was recorded in the City of Warwick Land Evidence Records in Book 5771 at Page 253 on June 30, 2005.

70.  On July 24, 2006, Plaintiff Jencks executed a promissory note and mortgage deed in favor of America's Wholesale Lender as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Jencks Mortgage/Note"). The Jencks Mortgage was recorded in the City of Warwick Land Evidence Records in Book 6272, at page 22 on August 2, 2006.

71.  The Jencks Mortgage states at Paragraph 22 as follows:

22.  Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

15

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 25 of 162 PageID #: 104

72.     On April 27, 2009, MERS purportedly assigned the subject mortgage to Fannie Mae.  Said

purported "Assignment of Mortgage" was recorded in the City of Warwick  Land Evidence

Records in Book 7051 Page 55 on May 5, 2009.

73.     Nationstar became the servicer of the Jencks Mortgage prior to 2013.

74.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

75.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

76.     On or about June 22, 2015, Nationstar, acting as third-party servicer on behalf of Fannie

Mae, caused to be sent to the Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of

Mortgagee Foreclosure Sale stated a sale date of August 12, 2015. Nationstar also caused to

published said notice on July 22, 2015, July 29, 2015 and August 5, 2015.

16

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

77.    The Plaintiff Jencks alleges that from July 1, 2015 through September 28, 2017, including on July 22, 2015 through October 22, 2015, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

78.    The Plaintiff Jencks alleges, that on August 12, 2015, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Jencks Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

79.    The Plaintiff Jencks alleges, that on August 26, 2015 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae. The Foreclosure Deed was recorded on October 22, 2015 in the City of Warwick Land Evidence Records in Book 8463 at Page 285. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

80.    The Plaintiff Jencks also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Jencks Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

17

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 27 of 162 PageID #: 106

and the property secured by the Jencks Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

81.     As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Jencks Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

82.     As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Jencks Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

83.     The Jencks Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### ALLEGATIONS OF THE KUHN REPRESENTATIVE PLAINTIFF

84.     The Kuhn Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

18

85. Representative Plaintiff, Scott S. Kuhn, claims to be the rightful owner of 7 Bayonne Avenue, Warwick, RI 02889 which is the "subject property" referenced herein.

86. On April 26, 2007, Plaintiff Kuhn was conveyed the subject property. The Deed granting the property to Plaintiff Kuhn was recorded in the City of Warwick Land Evidence Records in Book 6562, at page 226 on May 11, 2007.

87. On May 11, 2007, Plaintiff Kuhn executed a promissory note and mortgage deed in the sum of Two Hundred Thirty Thousand Dollars ($230,000.00) in favor of Indymac Bank as lender and MERS as mortgagee. ("Kuhn Mortgage/Note"). The Kuhn Mortgage was recorded in the City of Warwick Land Evidence Records in Book 6562, at page 229 on May 11, 2007.

88. The Kuhn Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

19

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS    Document 1    Filed 01/04/22    Page 29 of 162    PageID #:
108

89.     On March 30, 2016, Nationstar purportedly assigned the subject mortgage to Defendant

Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the City of Warwick

Land Evidence Records in Book 8555 Page 211 on April 4, 2016.

90.     Nationstar became the servicer of the Kuhn Mortgage prior to 2016.

91.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. –  (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

92.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

93.     On or about September 22, 2016, Nationstar, acting as third-party servicer on behalf of

Fannie Mae, caused to be sent to the Plaintiff Kuhn a Notice of Mortgagee Foreclosure Sale. Said

Notice of Mortgagee Foreclosure Sale stated a sale date of November 15, 2016. Nationstar also

caused to published said notice on October 25, 2016, November 1, 2016 and November 8, 2016.

20

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

KC-2021-1037 Document Filed 01/04/22 Page 30 of 162 PageID #:
109

94.     The Plaintiff Kuhn alleges that from July 1, 2015 through August 29, 2017, including on September 22, 2016 through December 15, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

95.     The Plaintiff Kuhn alleges, that on November 15, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Kuhn Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

96.     The Plaintiff Kuhn alleges, that on November 23, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae. The Foreclosure Deed was recorded on December 15, 2016 in the City of Warwick Land Evidence Records in Book 8724 at Page 92. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

97.     The Plaintiff Kuhn also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Kuhn Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Kuhn Mortgage can only be sold in a manner prescribed by and

21

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 31 of 162 PageID #: 110

subject to ""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Kuhn Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

98.     As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Kuhn Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

99.     The Kuhn Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### **ALLEGATIONS OF THE DUPREE/MEANS REPRESENTATIVE PLAINTIFFS**

100.    The Plaintiffs Dupree/Means repeat and re-allege every allegation above as if set forth herein in full.

101.    Plaintiffs, Dorinda A. Dupree and Dolores Ann Means, claim to be the rightful owners of 78 Calendar Avenue, Newport, RI 02840 which is the "subject property" referenced herein.

22

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS Document 4 Filed 01/04/22 Page 32 of 162 PageID #: 111

102. On December 8, 2006, Plaintiffs were conveyed the subject property. The Deed granting the property to Plaintiffs Dupree/Means was recorded in the City of Newport Land Evidence Records in Book 1807, at page 306 on December 12, 2006.

103. On May 22, 2007, Plaintiffs Dupree/Means executed a promissory note and mortgage deed in the sum of Three Hundred and Sixty-Five Thousand, Five Hundred Dollars ($365,500.00) in favor of First Magnus Financial Corporation as lender and MERS as mortgagee. ("Dupree/Means Mortgage/Note"). The Dupree/Means Mortgage was recorded in the City of Newport Land Evidence Records in Book 1856, at page 120 on May 29, 2007.

104. The Dupree/Means Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 33 of 162 PageID #: 112

105.    On April 17, 2014, MERS purportedly assigned the subject mortgage to Defendant Fannie

Mae.   Said purported "Assignment of Mortgage" was recorded in the City of Newport  Land

Evidence Records in Book 2431 Page 94 on April 25, 2014.

106.    Nationstar became the servicer of the Kuhn Mortgage prior to 2014.

107.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. –  (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

108.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

109.    On or about May 7, 2016, Nationstar, acting as third-party servicer on behalf of Fannie

Mae, caused to be sent to the Plaintiffs Dupree/Means a Notice of Mortgagee Foreclosure Sale.

Said Notice of Mortgagee Foreclosure Sale stated a sale date of June 28, 2016. Nationstar also

caused to published said notice on June 7, 2016, June 14, 2016 and June 21, 2016.

24

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 34 of 162   PageID #: 113

110.    The Plaintiffs Dupree/Means allege that from July 1, 2015 through August 29, 2017, including on May 7, 2016 through August 19, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

111.    The Plaintiffs Dupree/Means allege, that on June 28, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Dupree/Means Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

112.    The Plaintiffs Dupree/Means allege, that on August 5, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on August 19, 2016 in the City of Newport Land Evidence Records in Book 2608 at Page 99.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

113.    The Plaintiffs Dupree/Means also allege, that the foreclosure and sale are in breach of paragraph 22 of the Dupree/Means Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Dupree/Means Mortgage can only be sold in a

25

ase Number: KC-2021-1037
led in Kent County Superior Court
ubmitted: 1/3/2022 3:20 PM
nvelope: 3431275
eviewer: Dennis R.
1:21-cv-00002-MSM-PAS Document 1-4 Filed 01/04/22 Page 35 of 162 PageID #: 114

manner prescribed by and subject to ""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Dupree/Means Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

114.   As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Dupree/Means Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

115.   The Dupree/Means Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE HEON REPRESENTATIVE PLAINTIFF

116.   The Plaintiff Heon repeats and re-alleges every allegation above as if set forth herein in full.

117.   Representative Plaintiff, Christopher Heon, claims to be the rightful owner of 20 Laforge Drive, Coventry, RI 02816 which is the "subject property" referenced herein.

26

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS Document 4 Filed 01/04/22 Page 36 of 162 PageID #: 115

118. On August 17, 2000, Plaintiff Heon was conveyed the subject property. The Deed granting the property to Plaintiff Heon was recorded in the Town of Coventry Land Evidence Records in Book 903 at Page 221 on August 18, 2000.

119. On May 24, 2005, Plaintiff Heon executed a promissory note and mortgage deed in the sum of Two Hundred Thirty-Two Thousand Dollars ($232,000.00) in favor of Countrywide Home Loans, Inc. as lender and MERS as mortgagee. ("Heon Mortgage/Note"). The Heon Mortgage was recorded in the Town of Coventry Land Evidence Records in Book 1668 at page 58 on May 25, 2005.

120. The Heon Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

27

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:21-cv-00002-MSM-PAS    Document 1    Filed 01/04/22    Page 37 of 162 PageID #: 116

121.    On September 16, 2014, the subject mortgage was purportedly assigned to Fannie Mae. Said purported "Assignment of Mortgage" was recorded in the Town of Coventry Land Evidence Records in Book 1993 Page 866 on September 23, 2014.

122.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

123.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

124.    On or about July 17, 2017, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of September 6, 2017. Nationstar also caused to published said notice on August 16, 2017, August 23, 2017 and August 30, 2017.

125.    The Plaintiff Heon alleges that from July 1, 2015 through August 29, 2017, including on July 16, 2017 through August 23, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

1:23-cv-00002-WGM-PAS   Document   Filed 01/04/22   Page 38 of 162 PageID #:
117

126.    The Plaintiff Heon alleges, that on September 6, 2017, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Heon Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

127.    The Plaintiffs Heon allege, that on September 18, 2017, Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae. The Foreclosure Deed was recorded on October 20, 2017 in the Town of Coventry Land Evidence Records in Book 2085 at Page 308. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

128.    The Plaintiff Heon alleges, that the foreclosure and sale are in breach of paragraph 22 of the Heon Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Heon Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

129.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General

ase Number: KC-2021-1037
led in Kent County Superior Court
ibmitted: 1/3/2022 3:20 PM
nvelope: 3431275
eviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS Document 1-4 Filed 01/04/22 Page 39 of 162 PageID #: 118

pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Heon Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

130. As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Heon Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

131. The Heon Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### ALLEGATIONS OF THE BLANCHETTE REPRESENTATIVE PLAINTIFF

132. The Plaintiff Blanchette repeats and re-alleges every allegation above as if set forth herein in full.

133. Plaintiff, Glen Blanchette, claims to be the rightful owner of 27 Green Street, Cumberland, RI 02864 which is the "subject property" referenced herein.

134. On June 22, 2007, Plaintiff Blanchette was conveyed the subject property. The Deed granting the property to Plaintiff was recorded in the Town of Cumberland Land Evidence Records in Book 1391, at page 479 on July 17, 2007.

30

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:23-cv-00002-MSM-PAS   Document 4   Filed 01/04/22   Page 40 of 162 PageID #: 119

135.    On December 21, 2007, Plaintiff Blanchette executed a promissory note and mortgage deed

in favor of Nationstar Mortgage LLC as lender and mortgagee. ("Blanchette Mortgage/Note").

The Blanchette Mortgage was recorded in the Town of Cumberland  Land Evidence Records in

Book 1411, at page 546 on January 16, 2008.

136.    The Blanchette Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
following Borrower's breach of any covenant or agreement in this Security
Instrument...The notice shall specify: (a) the default; (b) the action required to cure
the default; (c) a date, not less than 30 days from the date the notice is given to
Borrower, by which the default must be cured; and (d) that failure to cure the default
on or before the date specified in the notice may result in acceleration of the sums
secured by this Security Instrument and sale of the Property. The notice shall further
inform Borrower of the right to reinstate after acceleration and the right to bring a
court action to assert the non-existence of a default or any other defense of
Borrower to acceleration and sale. If the default is not cured on or before the date
specified in the notice, Lender at its option may require immediate payment in full
of all sums secured by this Security Instrument without further demand and may
invoke the STATUTORY POWER OF SALE and any other remedies permitted by
Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing
the remedies provided in this Section 22, including, but not limited to, reasonable
attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
notice of sale, and the Property shall be sold in the manner prescribed by Applicable
Law. Lender or its designee may purchase the Property at any sale. The proceeds
of the sale shall be applied in the following order: (a) to all expenses of the sale,
including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
this Security Instrument; and (c) any excess to the person or persons legally entitled
to it.

137.    On January 24, 2014, Nationstar purportedly assigned the subject mortgage to Defendant

Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the Town of Cumberland

Land Evidence Records in Book 1640 Page 227 on January 31, 2014.

138.    Nationstar became the servicer of the Blanchette Mortgage prior to 2014.

31

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 14   Filed 01/04/22   Page 41 of 162 PageID #: 120

139.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

140.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

141.    On or about May 9, 2016, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of June 30, 2015. Nationstar also caused to published said notice on June 9, 2016, June 16, 2016 and June 23, 2016.

142.    The Plaintiff Blanchette alleges that from July 1, 2015 through August 29, 2017, including on May 9, 2016 through August 22, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

143.    The Plaintiff Blanchette alleges, that on June 30, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Blanchette Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1,

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS Document 4 Filed 01/04/22 Page 42 of 162 PageID #: 121

subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

144.    The Plaintiff Blanchette alleges that on July 15, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae. The Foreclosure Deed was recorded on August 22, 2016 in the Town of Cumberland Land Evidence Records in Book 1719 at Page 830. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

145.    The Plaintiff Blanchette also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Blanchette Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Blanchette Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Blanchette Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

33

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 43 of 162 PageID #: 122

146.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Blanchette Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

147.    The Blanchette Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE TERRIAN REPRESENTATIVE PLAINTIFFS

148.    The Plaintiffs Terrian repeat and re-allege every allegation above as if set forth herein in full.

149.    Plaintiffs, Jennifer M. Terrian and James P. Terrian, claims to be the rightful owner of 24 Juniper Hill Drive, Coventry, RI 02816 which is one of the "subject properties" referenced herein.

150.    On September 11, 2006, Plaintiffs Terrian were conveyed the subject property. The Deed granting the property to Plaintiffs Terrian was recorded in the Town of Coventry Land Evidence Records in Book 1738, at page 614 on September 12, 2016.

151.    On September 11, 2006, Plaintiffs Terrian executed a promissory note and mortgage deed in the sum of Three Hundred and Eight Thousand Dollars ($308,000.00) in favor of Countrywide Home Loans, Inc. as lender and Mortgage Electronic Registration Systems ("MERS") as

34

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 44 of 162 PageID #: 123

mortgagee. ("Terrian Mortgage/Note"). The Terrian Mortgage was recorded in the Town of Coventry Land Evidence Records in Book 1738, at page 616 on September 12, 2006.

152.   The Terrian Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

153.   On September 29, 2010, MERS purportedly assigned the subject mortgage to Defendant Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the Town of Coventry Land Evidence Records in Book 1875 Page 975 on October 6, 2010.

154.   Nationstar became the servicer of the Terrian Mortgage prior to 2015.

155.   On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2023 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:23-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/23   Page 45 of 162 PageID #: 124

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

156.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

157.     On or about August 30, 2015, Nationstar, acting as third-party servicer on behalf of Fannie

Mae, caused to be sent to the Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of

Mortgagee Foreclosure Sale stated a sale date of October 21, 2015.  Nationstar also caused to

published said notice on September 30, 2015, October 7, 2015 and October 14, 2015.

158.     The Plaintiffs Terrian allege that from July 1, 2015 through August 29, 2017, including on

August 30, 2015 through November 17, 2015, Nationstar was not a licensed third-party servicer

in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

159.     The Plaintiffs Terrian allege, that on October 21, 2015, Nationstar, acting as third-party

mortgage servicer for Fannie Mae foreclosed the Terrian Mortgage and sold the subject property

at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to

prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and

without force and effect, for Defendants' failure to comply with conditions precedent prior to

exercising the Statutory Power of Sale

36

160.    The Plaintiffs Terrian allege, that on November 17, 2015 Nationstar executed a Foreclosure

Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure

Deed was recorded on September 2, 2017 in the Town of Coventry Land Evidence Records in

Book 2049 at Page 598.    Such actions were violation of R.I.G.L. § 19-14.11-1, subject to

prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the

""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void,

invalid, and without force and effect, for Defendants' failure to comply with conditions precedent

prior to exercising the Statutory Power of Sale.

161.    The Plaintiffs Terrian also allege, that the foreclosure and sale are in breach of paragraph

22 of the Terrian Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY

POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis

Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the

Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

and the property secured by the Terrian Mortgage can only be sold in a manner prescribed by and

subject to ""applicable law"".    As all actions of Nationstar in foreclosing and conducting

mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution

by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed

their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to

and prescribed by ""applicable law"", thus breaching the Terrian Mortgage and for failing to first

comply with the terms of the mortgage prior to exercising the power of sale.

162.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph

22 of the Terrian Mortgage contract due to Defendants' failure to foreclose and sell in the manner

prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void,

37

ase Number: KC-2021-1037
led in Kent County Superior Court
ubmitted: 1/3/2023 3:20 PM
nvelope: 3431275
eviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 14   Filed 03/01/04/22   Page 47 of 162   PageID #: 126

invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

163. The Terrian Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### ALLEGATIONS OF THE CODERRE REPRESENTATIVE PLAINTIFF

164. The Plaintiff Coderre repeats and re-alleges every allegation above as if set forth herein in full.

165. Representative Plaintiff, Jason Coderre, claims to be the rightful owner of 138 Spring Valley Drive, East Greenwich, RI 02818 which is the "subject property" referenced herein.

166. On July 3, 2000, Plaintiff Coderre was conveyed the subject property. The Deed granting the property to Plaintiff Coderre was recorded in the Town of East Greenwich Land Evidence Records in Book 682, at page 147 on July 3, 2000.

167. On March 26, 2004, Plaintiff executed a promissory note and mortgage deed in favor of First Guarantee Mortgage LLC as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Coderre Mortgage/Note"). The Coderre Mortgage was recorded in the Town of East Greenwich Land Evidence Records in Book 682, at page 147 on April 27, 2004.

168. The Coderre Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to

Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

169.    On October 31, 2013, the Coderre Mortgage was purportedly assigned to Defendant Fannie

Mae.   Said purported "Assignment of Mortgage" was recorded in the Town of East Greenwich

Land Evidence Records in Book 1235 Page 90 on November 22, 2013.

170.    Nationstar became the servicer of the Coderre Mortgage prior to 2015.

171.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

172.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

§ 19-14-26. Penalty for violations.

39

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 4   Filed 01/04/22   Page 49 of 162   PageID #: 128

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

173.    On or about December 9, 2015, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff Coderre a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of January 29, 2016.  Nationstar also caused to published said notice on January 8, 2016, January 15, 2016 and January 22, 2016.

174.    The Plaintiff Coderre alleges that from July 1, 2015 through August 29, 2017, including on December 9, 2015 through March 4, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

175.    The Plaintiff Coderre alleges, that on January 29, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Coderre Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

176.    The Plaintiff Coderre alleges, that on February 12, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on March 4, 2016 in the Town of East Greenwich Land Evidence Records in Book 1314 at Page 228.   Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the

40

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 50 of 162 PageID #: 129

""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

177.     The Plaintiff Coderre also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Coderre Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Coderre Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Coderre Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

178.     As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Coderre Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

41

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:23-cv-00002-MSM-PAS   Document 14   Filed 01/04/22   Page 51 of 162   PageID #: 130

179.    The Coderre Plaintiff and members of the class are entitled to damages for the untimely

loss of their property that was caused by the Defendant's failure to comply with applicable law.

See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES,

20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### ALLEGATIONS OF THE SACCHETTI REPRESENTATIVE PLAINTIFF

180.    The Plaintiff Sachetti repeats and re-alleges every allegation above as if set forth herein in

full.

181.    Representative Plaintiff, Shannon K. Sacchetti, claims to be the rightful owner of 165

Grand View Drive, Warwick, RI 02886 which is the "subject property" referenced herein.

182.    On October 14, 2005, Plaintiff Sacchetti was conveyed the subject property. The Deed

granting the property to Plaintiff Coderre was recorded in the City of Warwick  Land Evidence

Records in Book 5934, at page 61 on October 19, 2005.

183.    On November 26, 2012, Plaintiff executed a promissory note and mortgage deed in favor

of American Financial Resources, Inc. as lender and Mortgage Electronic Registration Systems

("MERS") as mortgagee. ("Sacchetti Mortgage/Note"). The Sacchetti Mortgage was recorded in

the City of Warwick  Land Evidence Records in Book 7840, at page 161 on November 30, 2012.

184.    The Sacchetti Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
following Borrower's breach of any covenant or agreement in this Security
Instrument…The notice shall specify: (a) the default; (b) the action required to cure
the default; (c) a date, not less than 30 days from the date the notice is given to
Borrower, by which the default must be cured; and (d) that failure to cure the default
on or before the date specified in the notice may result in acceleration of the sums
secured by this Security Instrument and sale of the Property. The notice shall further
inform Borrower of the right to reinstate after acceleration and the right to bring a
court action to assert the non-existence of a default or any other defense of
Borrower to acceleration and sale. If the default is not cured on or before the date
specified in the notice, Lender at its option may require immediate payment in full
of all sums secured by this Security Instrument without further demand and may

42

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 52 of 162 PageID #: 131

invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

185.    On November 15, 2016, the Sacchetti Mortgage was purportedly assigned to Defendant Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the City of Warwick Land Evidence Records in Book 8705 Page 198 on November 17, 2016.

186.    Nationstar became the servicer of the Coderre Mortgage prior to 2015.

187.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

188.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be

43

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 53 of 162 PageID #: 132

required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

189.    On or about April 24, 2017, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff Sacchetti a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of June 20, 2017.  Nationstar also caused to published said notice on May 30, 2017, June 6, 2017 and June 13, 2017.

190.    The Plaintiff Sacchetti alleges that from July 1, 2015 through August 29, 2017, including on April 24, 2017 through July 24, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

191.    The Plaintiff Sacchetti alleges, that on June 20, 2017, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Sachetti Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

192.    The Plaintiff Sacchetti alleges, that on June 23, 2017 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on July 24, 2017 in the City of Cranston Land Evidence Records in Book 8863 at Page 188.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

44

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 4   Filed 01/04/22   Page 54 of 162 PageID #: 133

193.    The Plaintiff Sachetti also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Sachetti Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Sachetti Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Sachetti Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

194.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Sachetti Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

195.    The Sachetti Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

45

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 14   Filed 01/04/22   Page 55 of 162 PageID #: 134

## ALLEGATIONS OF THE DAVIS REPRESENTATIVE PLAINTIFF

196.     The Plaintiff Davis repeats and re-alleges every allegation above as if set forth herein in full.

197.     Representative Plaintiff, Lisa Davis, claims to be the rightful owner of 9 Nimitz Road, East Providence, RI 02916 which is the "subject property" referenced herein.

198.     On June 25, 2007, Plaintiff Davis was conveyed the subject property. The Deed granting the property to Plaintiff Davis was recorded in the City of East Providence Land Evidence Records in Book 2854, at page 219 on July 2, 2007.

199.     On June 25, 2007, Plaintiff executed a promissory note and mortgage deed in favor of Countrywide Home Loans Inc. as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Davis Mortgage/Note"). The Davis Mortgage was recorded in the City of East Providence Land Evidence Records in Book 2854, at page 221 on July 2, 2007.

200.     The Davis Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable

46

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

135

Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

201. On February 10, 2010, the subject mortgage was purportedly assigned the Davis Mortgage

to Defendant Fannie Mae. Said purported "Assignment of Mortgage" was recorded in the City of

East Providence Land Evidence Records in Book 3140 Page 161 on February 26, 2010.

202. Nationstar became the servicer of the Davis Mortgage prior to 2015.

203. On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

204. Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

205. On or about January 16, 2016, Nationstar, acting as third-party servicer on behalf of Fannie

Mae, caused to be sent to the Plaintiff Davis a Notice of Mortgagee Foreclosure Sale. Said Notice

47

of Mortgagee Foreclosure Sale stated a sale date of March 9, 2016. Nationstar also caused to published said notice on February 17, 2016, February 24, 2016 and March 2, 2016.

206.  The Plaintiff Davis alleges that from July 1, 2015 through August 29, 2017, including on January 16, 2016 through April 29, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

207.  The Plaintiff Davis alleges, that on March 9, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Davis Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

208.  The Plaintiff Davis alleges, that on April 21, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae. The Foreclosure Deed was recorded on April 29, 2016 in the City of East Providence Land Evidence Records in Book 3774 at Page 192. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

209.  The Plaintiff Davis also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Davis Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the

48

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

1:22-cv-00002-MSM-PAS Document 14 Filed 01/04/22 Page 58 of 162 PageID #: 137

Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""
and the property secured by the Davis Mortgage can only be sold in a manner prescribed by and
subject to ""applicable law"". As all actions of Nationstar in foreclosing and conducting
mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution
by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed
their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to
and prescribed by ""applicable law"", thus breaching the Davis Mortgage and for failing to first
comply with the terms of the mortgage prior to exercising the power of sale.

210. As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph
22 of the Davis Mortgage contract due to Defendants' failure to foreclose and sell in the manner
prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void,
invalid, and without force or effect, for Defendants' failure to comply with conditions precedent
prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency,
et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re
Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

211. The Davis Plaintiff and members of the class are entitled to damages for the untimely loss
of their property that was caused by the Defendant's failure to comply with applicable law. See.
Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-
037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

## ALLEGATIONS OF THE ALIX REPRESENTATIVE PLAINTIFF

212. The Plaintiff Alix repeats and re-alleges every allegation above as if set forth herein in full.

213. Representative Plaintiff, Roger Alix, claims to be the rightful owner of 363 Arcadia Road,
Richmond, RI 02832, which is the "subject property" referenced herein.

49

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:21-cv-00002-MSM-PAS Document 14 Filed 01/04/22 Page 59 of 162 PageID #: 138

214. On December 24, 1998, Plaintiff Alix was conveyed the subject property. The Deed granting the property to Plaintiff Alix was recorded in the Town of Richmond Land Evidence Records in Book 123, at page 376 on December 24, 1998.

215. On December 24, 2006, Plaintiff executed a promissory note and mortgage deed in favor of First Magnus Financial Corporation as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Alix Mortgage/Note"). The Alix Mortgage was recorded in the Town of Richmond Land Evidence Records in Book 233, at page 535 on January 4, 2007.

216. The Alix Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

50

217. On December 13, 2013, the subject mortgage was purportedly assigned to Nationstar. Said purported "Assignment of Mortgage" was recorded in the Town of Richmond Land Evidence Records in Book 3140 Page 161 on February 26, 2010.

218. At all relevant times Nationstar was the servicer of the Alix Mortgage on behalf of the noteholder, Freddie Mac.

219. On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

220. Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

221. On or about May 15, 2015, Nationstar, acting as third-party servicer on behalf of Freddie Mac, caused to be sent to the Plaintiff Alix a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of July 8, 2015. Nationstar also caused to published said notice on June 17, 2015.

51

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:21-cv-00002-MSM-PAS   Document 4   Filed 01/04/22   Page 61 of 162 PageID #: 140

222.    The Plaintiff Alix alleges that from July 1, 2015 through August 29, 2017, including on May 15, 2015 through August 13, 2015, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

223.    The Plaintiff Alix alleges, that on July 8, 2015, Nationstar, acting as third-party mortgage servicer for Freddie Mac foreclosed the Alix Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

224.    The Plaintiff Alix alleges, that on July 20, 2015 Nationstar executed a Foreclosure Deed granting the property to Freddie Mac.  The Foreclosure Deed was recorded on August 13, 2015 in the Town of Richmond Land Evidence Records in Book 298 at Page 961.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

225.    The Plaintiff Alix also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Alix Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Alix Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting

52

mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution

by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Freddie Mac failed

their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to

and prescribed by ""applicable law"", thus breaching the Alix Mortgage and for failing to first

comply with the terms of the mortgage prior to exercising the power of sale.

226.     As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph

22 of the Alix Mortgage contract due to Defendants' failure to foreclose and sell in the manner

prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void,

invalid, and without force or effect, for Defendants' failure to comply with conditions precedent

prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency,

et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re

Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

227.     The Alix Plaintiff and members of the class are entitled to damages for the untimely loss

of their property that was caused by the Defendant's failure to comply with applicable law.  See.

Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-

037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## **ALLEGATIONS OF THE SPOONER REPRESENTATIVE PLAINTIFF**

228.     The Plaintiff Spooner repeats and re-alleges every allegation above as if set forth herein in

full.

229.     Representative Plaintiff, Allan A. Spooner, claims to be the rightful owner of 32 Vine

Street, East Providence, RI 02916 which is the "subject property" referenced herein.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 4   Filed 01/04/22   Page 63 of 162 PageID #: 142

230.    On July 15, 2010, Plaintiff Spooner was conveyed the subject property. The Deed granting the property to Plaintiff Spooner was recorded in the City of East Providence Land Evidence Records in Book 3174, at page 98 on July 16, 2010.

231.    On July 15, 2010, Plaintiff executed a promissory note and mortgage deed in favor of Sierra Pacific Mortgage Corporation. as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Spooner Mortgage/Note"). The Spooner Mortgage was recorded in the City of East Providence Land Evidence Records in Book 3174, at page 99 on July 16, 2010.

232.    The Spooner Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

54

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1   Filed 01/04/22   Page 64 of 162 PageID #: 143

233.    On July 14, 2016, the subject mortgage was purportedly assigned the Spooner Mortgage to Defendant Nationstar.  Said purported "Assignment of Mortgage" was recorded in the City of East Providence Land Evidence Records in Book 3818 Page 250 on September 1, 2016.

234.    At all relevant times Nationstar was the servicer of the Spooner Mortgage on behalf of the noteholder, Secretary of Veteran Affairs.

235.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

236.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

237.    On or about December 10, 2016, Nationstar, acting as third-party servicer on behalf of Secretary of VA, caused to be sent to the Plaintiff Spooner a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of February 1, 2017.  Nationstar also caused to published said notice on January 11, 2017, January 18, 2017 and January 25, 2017.

55

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:23-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/23   Page 65 of 162 PageID #: 144

238.    The Plaintiff Spooner alleges that from July 1, 2015 through August 29, 2017, including on December 10, 2016 through March 9, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

239.    The Plaintiff Spooner alleges, that on February 1, 2017, Nationstar, acting as third-party mortgage servicer for Secretary of VA foreclosed the Spooner Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

240.    The Plaintiff Spooner alleges, that on February 20, 2017 Nationstar executed a Foreclosure Deed granting the property to Secretary of VA.  The Foreclosure Deed was recorded on March 9, 2017 in the City of East Providence Land Evidence Records in Book 3880 at Page 240.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

241.    The Plaintiff Spooner also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Spooner Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Spooner Mortgage can only be sold in a manner prescribed by and

56

subject to ""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Secretary of VA failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Spooner Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

242. As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Spooner Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

243. The Spooner Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## CLASS ALLEGATIONS

244. The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

245. Plaintiffs bring this action as a Class Action pursuant to Fed. R. Civ. P. Rule 23.

246. The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners wherein Defendants breached the terms of the Representative Plaintiffs and Class

57

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS   Document 1   Filed 01/04/22   Page 67 of 162 PageID #: 146

Members mortgages by failing to foreclose and sell in the manner prescribed by ""applicable law""

when conducting foreclosures and mortgagee's sales between July 1, 2015 through August 29,

2017, in violation of R.I.G.L. § 19-14.11-1.

247.    The gravity of harm to the Representative Plaintiffs and members of the class resulting

from the Defendants' wrongdoing outweighs any conceivable reasons, justifications and/or

motives of said Defendants for engaging in such unfair acts and practices.

248.    Defendants' conduct was unfair, oppressive, and contrary to public policy and the generally

recognized standards applicable to the consumer lending business.

249.    The Representative Plaintiffs and members of the class suffered quantifiable damages such

as illegal servicing fees, loss of use and equity in their homes, money spent on funding bankruptcy,

legal defense of foreclosure and eviction, and moving and relocation expenses.

250.    The Representative Plaintiffs and members of the class have suffered general damages such

as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities

to rectify their situations through loss mitigation and mediation of their mortgage delinquencies,

and extreme mental and emotional distress.

251.    The Representative Plaintiffs and members of the class seek actual, exemplary, punitive,

and monetary damages.

252.    The Representative Plaintiffs claim on behalf of themselves and all others so similarly

situated that the Defendants breaches of mortgage contracts by violating R.I.G.L. § 19-14.11-1

and failure to comply with applicable law as a condition precedent prior to exercising the Statutory

Power of Sale, are the direct causes of the harms alleged herein.

253.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, claim

that all foreclosures that occurred as a result of any foreclosure notices sent or published during

58

the time in which Nationstar was not licensed as a third-party servicer are null and void for failure

to comply with the condition precedent to Statutory Power of Sale outlined in the mortgages that

the Defendants foreclose in the manner subject to and as prescribed by ""applicable law"".

254.    Excluded from the class are governmental entities, the Defendants, their affiliates and

subsidiaries, the Defendants current employees and current or former officers, directors, agents,

representatives, their family members, the members of this Court and its staff.

255.    The Representative Plaintiffs do not know the exact size or identities of the members of

the class, since such information is in the exclusive control of Defendants. The Representative

Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be

readily ascertained from Defendants books and records.  Therefore, the class is so numerous that

joinder of all members is impracticable. (i.e. Numerosity).

256.    The Representative Plaintiffs and all members of the class have been subject to and affected

by the same conduct.

257.    The questions of law and fact are common to the class and predominate over any questions

affecting only individual members of the class. (i.e. Commonality).

258.    The claims of the Representative Plaintiffs are typical of the claims of the class and do not

conflict with the interests of any other members of the class in that the Representative Plaintiffs

and the other members of the class were subject to the same conduct. (i.e. Typicality).

259.    The Representative Plaintiffs will fairly and adequately represent the interests of the class

as a whole.  The Representative Plaintiffs are committed to the vigorous prosecution of the class

claims and have retained attorneys who are qualified to pursue this litigation and have experience

in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 69 of 162 PageID #: 148

260.    A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.   A class action regarding the issues in this case does not create any problems of manageability.

261.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

262.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

263.    It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

264.    The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

265.    It is desirable to concentrate the litigation of the claims in this particular forum.

266.    There are little to no difficulties likely to be encountered in the management of a classification.

**COUNT I**
**BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS**
**PRECEDENT PRIOR TO EXERCISE THE STATUTORY POWER OF SALE**
**(SERVICING LICENSE ALLEGATIONS)**

267.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

268.    In Rhode Island, the right to exercise the power of sale in a mortgage is derived from the mortgage contract itself.

60

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 70 of 162 PageID #: 149

269.    In Rhode Island, a contract containing a requirement that any foreclosure and sale be conducted in a manner subject to and/or as prescribed or permitted by ""applicable law"" is construed as a condition precedent, which requires strict compliance.

270.    The Representative Plaintiffs' Mortgages all provide that any notice, foreclosure, and sale be conducted in a manner subject to, prescribed by and or permitted by "applicable law" at paragraph 22 of their respective mortgages.

271.    In Rhode Island, a mortgagee agreeing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law", must do so as agreed.

272.    In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of Paragraph 22 of the mortgages are obligations of the mortgagees. Failing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law" pursuant to the mortgage is a breach of contract and renders a foreclosure sale void.

273.    As noted above, Representative Plaintiffs' Mortgages and members of the Class Plaintiffs' Mortgages state at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

61

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS Document 14 Filed 01/04/22 Page 71 of 162 PageID #: 150

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law.</u> Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

274. On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

275. Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

276. The Representative Plaintiffs allege that at the time the foreclosure notices were sent, the time of the foreclosure publications, the time of the auctions, the time of the execution of the foreclosure deeds, the time of the execution of the Affidavits of Sale in accordance with R.I.G.L. 34-11-22 and 34-27-4, and the time of the recordings of the foreclosure deeds, Nationstar was not

62

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS   Document 14   Filed 01/04/22   Page 72 of 162 PageID #: 151

a licensed third-party servicer on behalf of Fannie Mae in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1 and that Nationstar's initiation of the above actions without "first obtaining a license" were violations of the condition precedent that it must first obtain a license in accordance with the applicable law provisions of said mortgages, as such actions were classified as misdemeanor crimes and not permitted by applicable law.

277.   Representative Plaintiffs aver that all acts described above were in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and are void, invalid, and without force and effect, for Defendants' failure to comply with applicable law as a conditions precedent prior to exercising the Statutory Power of Sale.

278.   The Representative Plaintiffs allege, that the foreclosures and sales are in breach of paragraph 22 of the Mortgages, which requires that all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the properties secured by the Mortgages could only be sold in a manner prescribed by, subject to and permitted by "applicable law".

279.   As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Mortgages for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

280.   As such, the notices, publications, foreclosures and sales are in breach of the terms of the Mortgage contracts due to Defendants' failure to foreclose and sell in the manner prescribed by, subject to and permitted by "applicable law". Therefore, the foreclosures and sales are void,

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

1:22-cv-00002-MSM-PAS   Document 1   Filed 01/04/22   Page 73 of 162 PageID #: 152

invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

281.    The mortgage contracts entered into by the Plaintiffs constitute valid offers.

282.    Upon the Plaintiffs executing those mortgage contracts and giving them to their Lenders/ Mortgagee, their Lenders. Mortgagees accepted those offers.

283.    Alternatively, the Plaintiffs and execution of those mortgage contracts thereby giving security interests in their property to their Lenders/Mortgagees constitute offers. Acceptance of those offers occurred when Defendants accepted payments made by the Plaintiffs pursuant to their mortgage contracts.

284.    The mortgage contracts were supported by consideration. The Plaintiffs' payments to Defendants constitutes consideration.

285.    The Plaintiffs, and Defendants thereby formed valid contracts and the Plaintiffs and were, are, and remain ready willing and able to perform under the contract.

286.    Defendants breached the mortgage contracts made with the Plaintiffs by refusing to honor the terms of the mortgage contracts by failing to abide by "applicable law" when foreclosing and conducting mortgagee's foreclosure sales.

287.    There was no compliance with the terms of the mortgages to exercise the statutory power of sales as indicated above.

288.    Due to these failures to comply with the terms of the mortgages, no entity was contractually authorized to exercise the statutory power of sales and notice, publish, foreclose and sell at mortgagee's sale the properties of the Plaintiffs. These actions constitute a breach of contract, and

64

failure to abide by conditions precedent as stated in the mortgages of the Plaintiffs, resulting in damages to the Plaintiffs.

289.    As a result of the Defendants' improper and invalid notices, publications, and exercise of the statutory power of sale and purported foreclosure sale, the Plaintiffs' mortgage loan accounts were charged fees and costs and expenses for illegal servicing fees that were not permitted by applicable law including but not limited too certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

290.    The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Defendants in noticing and seeking to conduct and/or conducting foreclosures and sales without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

291.    The Plaintiffs have also incurred mental and emotional injuries and damages due to the improper foreclose and sale of their properties by Defendants without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

292.    The Plaintiffs have suffered harm and are threatened with additional harm from Defendants breaches, including but not limited to higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

293.    The Defendants breaches of contract and failure to comply with the condition precedent as noted herein above, are the direct cause of the harms alleged herein and not the Plaintiffs' failure to make their mortgage payments.

65

ase Number: KC-2021-1037
ed in Kent County Superior Court
ubmitted: 1/3/2022 5:20 PM
nvelope: 3431275
eviewer: Dennis R.

Case 1:23-cv-00002-MSM-PAS   Document 1-4   Filed 01/04/22   Page 75 of 162 PageID #: 154

294.    Therefore, the Plaintiffs would not have suffered the foreclosure, sale, or the harms as noted herein were it not for the Defendants breach of the mortgage contract and failure to comply with "applicable law" as a conditions precedent as required by the mortgage of the Plaintiffs as noted herein.

295.    The Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

296.    The Plaintiffs are entitled to a declaratory judgment determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of their properties are void due to the Defendants' failure to comply with the condition precedent obligations to notice, foreclose, and sell in a manner prescribed by and permitted by "applicable law", pursuant to the mortgage contracts.

297.    The Plaintiffs are entitled to cancellation of costs and fees assessed to him for wrongful foreclosure, together with additional damages.

298.    The Plaintiffs are entitled to be returned to their status and circumstances prior to the foreclosure, and sale of their properties.

299.    The Plaintiffs are entitled to actual, monetary, punitive and exemplary damages for the loss of use and equity of their properties, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: October 20, 2021

                         Respectfully Submitted,
                         The Representative Plaintiffs,
                         By their Attorney,

66

/s/ *Todd S. Dion*
Todd S. Dion Esq. (#6852)
15 Cottage Avenue, Suite 101
Quincy, MA 02169
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

67

STATE OF RHODE ISLAND               SUPERIOR COURT

KENT, COUNTY, S.C.

| | |
|---|---|
| KAREN M. O'CONNOR; JOSEPH INDERLIN; ROBERT C. JENCKS; LORI M. KUHN; DORINDA A. DUPREE; DOLORES AN MEANS; CHRISTOPHER HEON; GLEN BLANCHETTE; JENNIFER M. TERRIAN; JAMES P. TERRIAN; JANE CODERRE; SHANNON K. SACCHETTI; LISA DAVIS; ROGER ALIX and ALLAN A. SPOONER On behalf of themselves and all others so similarly situated, | CIVIL ACTION NO. KC-2021-1037 |
| Plaintiffs, | |
| v. | |
| NATIONAL MORTGAGE LLC (nka MR. COOPER); FEDERAL NATIONAL MORTGAGE ASSOCIATION; FEDERAL HOME LOAN MORTGAGE ASSOCIATION; and SECRETARY OF VETERAN AFFAIRS, | |
| Respondents. | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    Civil Clerk's Office
        Kent County Superior Court
        222 Quaker Lane
        Warwick, RI 02886

        Todd S. Dion, Esq.
        15 Cottage Avenue, Suite 101
        Quincy, MA 02169

Pursuant to 28 U.S.C. § 1446(d), Defendant, Federal Home Loan Mortgage Corporation

("Freddie Mac"), hereby gives written notice that on January 3, 2022, Freddie Mac filed a Notice

of Removal of the subject action from the Superior Court of Rhode Island, Kent County, to the

United States District Court for the District of Rhode Island. A copy of the Notice of Removal is

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 5:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS Document 1 Filed 01/04/22 Page 78 of 162 PageID #: 157

attached hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), the state court shall proceed no further.

Respectfully submitted,

FEDERAL HOME LOAN MORTGAGE CORPORATION

By: Its Attorneys

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
Jamal D. Burk, Bar No. 9550
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
401-751-0842
401-751-0072  (facsimile)
sbodurtha@hinshawlaw.com

Dated:     January 3, 2022

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that on this 3rd day of January 2022,

☒I electronically filed this document through electronic filing system on the following parties:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 101
Quincy, MA 02169
toddsdion@msn.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☒I mailed or ☐hand-delivered this document to the attorney for the opposing party and/or opposing party if self-represented, whose names are:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 101
Quincy, MA 02169
toddsdion@msn.com

*/s/ Samuel C Bodurtha*
Samuel C. Bodurtha

2

1046848\309787985.v1

Case 1:22-cv-00002-MSM-PAS Document 1 Filed 01/04/22 Page 79 of 162 PageID #: 158

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
O'Connor, Karen, M., et al.

### DEFENDANTS
Nationstar Mortgage, LLC (n/k/a Mr. Cooper), et al.

**(b)** County of Residence of First Listed Plaintiff   Washington County, RI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
Samuel C. Bodurtha, Esq., Hinshaw & Culbertson, LLP
56 Exchange Terrace
Providence, RI 02903   401-751-0842

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1   U.S. Government Plaintiff

❑ 3   Federal Question *(U.S. Government Not a Party)*

☒ 2   U.S. Government Defendant

❑ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | | | ❑ 820 Copyrights | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 830 Patent | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❑ 840 Trademark | ❑ 460 Deportation |
| | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 360 Other Personal Injury | ❑ 380 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) | ❑ 485 Telephone Consumer Protection Act |
| ❑ 190 Other Contract | ❑ 362 Personal Injury - Medical Malpractice | ❑ 385 Property Damage Product Liability | ❑ 751 Family and Medical Leave Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | | | | ❑ 864 SSID Title XVI | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 196 Franchise | | | ❑ 790 Other Labor Litigation | ❑ 865 RSI (405(g)) | ❑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❑ 891 Agricultural Acts |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 893 Environmental Matters |
| ☒ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 895 Freedom of Information Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | ❑ 896 Arbitration |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 950 Constitutionality of State Statutes |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❑ 1   Original Proceeding
☒ 2   Removed from State Court
❑ 3   Remanded from Appellate Court
❑ 4   Reinstated or Reopened
❑ 5   Transferred from Another District *(specify)*
❑ 6   Multidistrict Litigation - Transfer
❑ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1441, 1442, 1446

Brief description of cause:
The complaint challenges the defendants' foreclosure of real property

## VII. REQUESTED IN COMPLAINT:
❑ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE      DOCKET NUMBER

DATE
01/03/2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Samuel C. Bodurtha

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

STATE OF RHODE ISLAND                                    SUPERIOR COURT
KENT, COUNTY, S.C.

|  |  |
|---|---|
| KAREN M. O'CONNOR; JOSEPH INDERLIN; ROBERT C. JENCKS; LORI M. KUHN; DORINDA A. DUPREE;  DOLORES AN MEANS; CHRISTOPHER HEON; GLEN BLANCHETTE; JENNIFER M. TERRIAN; JAMES P. TERRIAN; JANE CODERRE; SHANNON K. SACCHETTI; LISA DAVIS; ROGER ALIX and ALLAN A. SPOONER On behalf of themselves and all others so similarly situated, | CIVIL ACTION NO. KC-2021-1037 |

           Plaintiffs,

v.

NATIONAL MORTGAGE LLC (nka MR.
COOPER); FEDERAL NATIONAL MORTGAGE
ASSOCIATION; FEDERAL HOME LOAN
MORTGAGE ASSOCIATION; and SECRETARY
OF VETERAN AFFAIRS,

    Respondents.

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    Civil Clerk's Office
       Kent County Superior Court
       222 Quaker Lane
       Warwick, RI 02886

       Todd S. Dion, Esq.
       15 Cottage Avenue, Suite 101
       Quincy, MA 02169

       Pursuant to 28 U.S.C. § 1446(d), Defendant, Federal Home Loan Mortgage Corporation

("Freddie Mac"), hereby gives written notice that on January 3, 2022, Freddie Mac filed a Notice

of Removal of the subject action from the Superior Court of Rhode Island, Kent County, to the

United States District Court for the District of Rhode Island. A copy of the Notice of Removal is

1046848\309787985.v1

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

Case 1:22-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 81 of 162 PageID #: 160

attached hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), the state court shall proceed no further.

Respectfully submitted,

FEDERAL HOME LOAN MORTGAGE CORPORATION

By: Its Attorneys

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
Jamal D. Burk, Bar No. 9550
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
401-751-0842
401-751-0072  (facsimile)
sbodurtha@hinshawlaw.com

Dated:    January 3, 2022

### CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that on this 3rd day of January 2022,

☒I electronically filed this document through electronic filing system on the following parties:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 101
Quincy, MA 02169
toddsdion@msn.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☒I mailed or ☐hand-delivered this document to the attorney for the opposing party and/or opposing party if self-represented, whose names are:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 101
Quincy, MA 02169
toddsdion@msn.com

*/s/ Samuel C Bodurtha*
Samuel C. Bodurtha

2

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

STATE OF RHODE ISLAND                                    SUPERIOR COURT
KENT, COUNTY, S.C.

| | |
|---|---|
| KAREN M. O'CONNOR; JOSEPH INDERLIN; ROBERT C. JENCKS; LORI M. KUHN; DORINDA A. DUPREE;  DOLORES AN MEANS; CHRISTOPHER HEON; GLEN BLANCHETTE; JENNIFER M. TERRIAN; JAMES P. TERRIAN; JANE CODERRE; SHANNON K. SACCHETTI; LISA DAVIS; ROGER ALIX and ALLAN A. SPOONER On behalf of themselves and all others so similarly situated, | CIVIL ACTION NO. KC-2021-1037 |

          Plaintiffs,

v.

NATIONAL MORTGAGE LLC (nka MR. COOPER); FEDERAL NATIONAL MORTGAGE ASSOCIATION; FEDERAL HOME LOAN MORTGAGE ASSOCIATION; and SECRETARY OF VETERAN AFFAIRS,

Respondents.

## NOTICE OF APPEARANCE
## OF SAMUEL C. BODURTHA

      Please enter the appearance of Samuel C. Bodurtha as counsel for Defendant, Federal Home Loan Mortgage Corporation, in the above-captioned matter.

                        Respectfully submitted,

                        FEDERAL HOME LOAN MORTGAGE
                        CORPORATION
                        By: Its Attorneys

                        /s/ *Samuel C. Bodurtha*
                        Samuel C. Bodurtha, Bar No. 7075
                        HINSHAW & CULBERTSON LLP
                        56 Exchange Terrace
                        Providence, RI 02903
                        401-751-0842
                        401-751-0072  (facsimile)
                        sbodurtha@hinshawlaw.com

Dated:      January 3, 2022

1046848\309787984.v1

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 1/3/2022 3:20 PM
Envelope: 3431275
Reviewer: Dennis R.

2:22-CV-00002-MSM-PAS     Document 4     Filed 01/04/22     Page 83 of 162 PageID #:
162

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that on this 3rd day of January 2022,

☒ I electronically filed this document through electronic filing system on the following parties:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 101
Quincy, MA 02169
toddsdion@msn.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☒ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or opposing party if self-represented, whose names are:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 101
Quincy, MA 02169
toddsdion@msn.com

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha

2

1046848\309787984.v1



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2021-1037 |
| **Plaintiff**<br>Karen O'Connor et al.<br><br> v.<br>Nationstar Mortgage LLC d/b/a Mr. Cooper et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 21<br>CRANSTON RI  02910 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI  02886<br>(401) 822-6900 | **Address of the Defendant**<br>State Capitol Bldg 3rd FL<br>1100 Bank Street<br>Richmond VA  23219 |

**TO THE DEFENDANT, Secretary of Veteran Affairs:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 12/3/2021. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| Plaintiff<br>Karen O'Connor et al.<br><br> v.<br>Nationstar Mortgage LLC d/b/a Mr. Cooper et al.<br>**Defendant** | Civil Action File Number<br>KC-2021-1037 |
|---|---|

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Secretary of Veteran Affairs, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

---

Page 1 of 2

SC-CMS-1 (revised July 2020)



## STATE OF RHODE ISLAND

### SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20 ____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or  ☐  proved  to  the  notary  through  satisfactory  evidence  of  identification,  which  was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2021-1037 |
| **Plaintiff**<br>Karen O'Connor et al.<br><br> v.<br>Nationstar Mortgage LLC d/b/a Mr. Cooper et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 21<br>CRANSTON RI  02910 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI  02886<br>(401) 822-6900 | **Address of the Defendant**<br>8200 Jones Branch Drive<br>McLean VA  22102 |

**TO THE DEFENDANT, Federal Home Loan Mortgage Association:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 12/3/2021. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Karen O'Connor et al. | KC-2021-1037 |
| v. | |
| Nationstar Mortgage LLC d/b/a Mr. Cooper et al. | |
| **Defendant** | |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Federal Home Loan Mortgage Association, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or  ☐  proved  to  the  notary  through  satisfactory  evidence  of  identification,  which  was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2021-1037 |
| **Plaintiff**<br>Karen O'Connor et al.<br><br> v.<br>Nationstar Mortgage LLC d/b/a Mr. Cooper et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 21<br>CRANSTON RI  02910 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI  02886<br>(401) 822-6900 | **Address of the Defendant**<br>1100 15th Street NW<br>Washington DC  20005 |

**TO THE DEFENDANT, Federal National Mortgage Association:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 12/3/2021. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Karen O'Connor et al.<br> v.<br>Nationstar Mortgage LLC d/b/a Mr. Cooper et al.<br>**Defendant** | **Civil Action File Number**<br>KC-2021-1037 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Federal National Mortgage Association, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____ / _____ / _____ | SERVICE FEE $ _____ |
|---|---|
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____
County of _____

On this _____ day of _____, 20 ____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2021-1037 |
| **Plaintiff**<br>Karen O'Connor et al.<br> v.<br>Nationstar Mortgage LLC d/b/a Mr. Cooper et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 21<br>CRANSTON RI  02910 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI  02886<br>(401) 822-6900 | **Address of the Defendant**<br>8950 Cypress Waters Blvd<br>Coppell TX  75261 |

**TO THE DEFENDANT, Nationstar Mortgage LLC d/b/a Mr. Cooper:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 12/3/2021. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| Plaintiff<br>Karen O'Connor et al.<br><br> v.<br>Nationstar Mortgage LLC d/b/a Mr. Cooper et al.<br>**Defendant** | Civil Action File Number<br>KC-2021-1037 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE:     ____/____/____ | SERVICE FEE $ _____ |
|---|---|
| Month    Day     Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**KENT, SC**

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>KAREN M. OCONNOR; JOSEPH INDERLIN;</td><td>)</td><td></td></tr>
<tr><td>ROBERT C. JENCKS; LORI M. KUHN; DORINDA A.</td><td>)</td><td></td></tr>
<tr><td>DUPREE; DOLORES ANN MEANS; CHRISTOPHER</td><td>)</td><td>CA. NO.</td></tr>
<tr><td>HEON; GLEN BLANCHETTE; JENNIFER M. TERRIAN;</td><td>)</td><td></td></tr>
<tr><td>JAMES P. TERRIAN; JANE CODERRE, SHANNON K.</td><td>)</td><td>COMPLAINT</td></tr>
<tr><td>SACCHETTI, LISA DAVIS, ROGER ALIX AND</td><td>)</td><td></td></tr>
<tr><td>ALLAN A. SPOONER</td><td>)</td><td>CLASS ACTION</td></tr>
<tr><td>On behalf of themselves and all others so similarly situated,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>JURY DEMANDED</td></tr>
<tr><td>Plaintiffs,</td><td>)</td><td></td></tr>
<tr><td>vs.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>NATIONSTAR MORTGAGE LLC (nka MR. COOPER;</td><td>)</td><td></td></tr>
<tr><td>FEDERAL NATIONAL MORTGAGE ASSOCIATION;</td><td>)</td><td></td></tr>
<tr><td>FEDERAL HOME LOAN MORTGAGE ASSOCIATION;</td><td>)</td><td></td></tr>
<tr><td>and SECRETARY OF VETERAN AFFAIRS</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendants.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

## INTRODUCTION

1.      The Representative Plaintiffs, Karen M. OConnor, Joseph Inderlin, Robert C. Jencks, Lori M. Kuhn, Dorinda A. Dupree, Dolores Ann Means, Christopher Heon, Glen Blanchette, Jennifer M. Terrian, James P. Terrian, Jane Coderre, Shannon K. Sacchetti, Lisa Davis, Roger Alix and Allan A. Spooner, on behalf of themselves and all others so similarly situated, bring this class action as described in the paragraphs set forth herein. The Representative Plaintiffs seek damages and declaratory judgments that foreclosures and mortgagee's foreclosure sales of the Plaintiffs' properties by Defendants are void due to Defendants breaches of contract and breaches of condition precedents to the Statutory Power of Sale for failing to foreclose in a manner prescribed by "applicable law" by foreclosing and conducting mortgagee's sales in violation of R.I.G.L. § 19-14.11-1.  Said statute and mortgage contracts required that the Defendant first obtain a third-party servicing license with the State of Rhode Island Department of Business Regulation prior to

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:22-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 97 of 162 PageID #: 176

foreclosing on the Representative Plaintiffs' properties. Representative Plaintiffs further seek damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

2.      The Representative Plaintiffs herein pray this Honorable Court find that the Defendants are in Breach of Contract, declare that foreclosures and mortgagee sales of the Representative Plaintiffs and class members mortgages and properties be declared void, enjoin the Defendants from further wrongful conveyance of Plaintiffs and class members properties, that the Defendants be Ordered to return the Representative Plaintiffs and class members to their status prior to the wrongful foreclosures and sales, including but not limited to, the rescission of all wrongful foreclosures and sales, and award the Plaintiffs and class members damages for the Defendants misconduct.

## **JURISDICTION AND VENUE**

3.      Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

4.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiff are typical of the claims of the class. Further, the Representative Plaintiff will fairly and adequately protect the interest of the class.

5.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:22-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 98 of 162 PageID #: 177

6.  Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.  Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

8.  Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

9.  Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

10. Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

11. Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the void foreclosures.

12. Plaintiff and members of the class claim a right to seek actual, exemplary, punitive, and monetary damages for the Defendant's violation of R.I.G.L. § 19-14.11-1 and breach of the mortgage contracts.

## **PARTIES**

13. Representative Plaintiff, Karen M. OConnor, claims to be the rightful owners of 15 Darrow Drive, Warwick, RI 02852 which is one of the "subject properties" referenced herein. She is located at 4 Wasp Road, North Kingstown, RI 02852.

14. Representative Plaintiff, Joseph Inderlin, claims to be the rightful owners of 6 Blackcreek Lane, Warwick, RI 02888 which is one of the "subject properties" referenced herein. He is located at 4706 Alexander Valley Dr. #103, Charlotte, NC 28270.

15. Representative Plaintiff, Robert C. Jencks, claims to be the rightful owners of 29 Tyler Street, Warwick, RI 02888 which is one of the "subject properties" referenced herein. He is located at 79 Haswell Street, Warwick, RI 02889.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

2:22-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 99 of 162 PageID #: 178

16.      Representative Plaintiff, Lori M. Kuhn, claims to be the rightful owners of 7 Bayonne Avenue, Warwick, RI 02889 which is one of the "subject properties" referenced herein.  She is located at 59 Coburn Street, Warwick, RI 02889.

17.      Representative Plaintiffs, Dorinda A. Dupree and Dolores Ann Means, claim to be the rightful owners of 78 Calendar Avenue, Newport, RI 02840 which is one of the "subject properties" referenced herein.  They are located at 8863 Hinsdale Heights Dr., Polk City, FL 33868.

18.      Representative Plaintiff, Christopher Heon, claims to be the rightful owner of 20 Laforge Drive, Coventry, RI 02816 which is one of the "subject properties" referenced herein.  He is located at 1 Waterman Road, Coventry, RI 02816

19.      Representative Plaintiff, Glen Blanchette, claims to be the rightful owner of 27 Green Street, Cumberland, RI 02864 which is one of the "subject properties" referenced herein.  He is located at 34 Tower Hill Road, Cumberland, RI 02864.

20.      Representative Plaintiffs, Jennifer M. Terrian and James P. Terrian, claim to be the rightful owners of 24 Juniper Hill Drive, Coventry, RI 02816 which is one of the "subject properties" referenced herein.  They are located at 49 Crystal Drive, Warwick, RI 02889.

21.      Representative Plaintiff, Jane Coderre, claims to be the rightful owner of 138 Spring Valley Drive, East Greenwich, RI 02818 which is one of the "subject properties" referenced herein.  She is located at PO Box 550, Little Compton, RI 02837.

22.      Representative Plaintiff, Shannon K. Sachetti, claims to be the rightful owner of 165 Grand View Drive, Warwick, RI 02886 which is one of the "subject properties" referenced herein.  She is located at PO Box 7882, Warwick, RI 02887.

4

23.      Representative Plaintiff, Lisa Davis, claims to be the rightful owner of 9 Nimitz Road, East Providence, RI 02916 which is one of the "subject properties" referenced herein.  She is located at 9 Arrowhead Lane, South Dartmouth, MA 02748.

24.      Representative Plaintiff, Roger Alix, claims to be the rightful owner of 363 Arcadia Road, Richmond, RI 02832 which is one of the "subject properties" referenced herein.  He is located at 300 Parkview Dr. #19, Pawtucket, RI 02861.

25.      Representative Plaintiff, Allan A. Spooner, claims to be the rightful owner of 32 Vine Street, East Providence, RI 02914 which is one of the "subject properties" referenced herein.  He is located at 210 Division St. Apt 14, Pawtucket, RI 02860.

26.      Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper, is a mortgage servicer located at 8950 Cypress Waters Blvd., Coppell, TX 75261.  Nationstar failed to obtain a third-party servicing license and was not permitted by the Applicable Law provisions of Class Plaintiffs' Mortgages to act on behalf of Defendant Fannie Mae in order to notice, publish and invoke the Statutory Power of Sale on the properties of Class Plaintiffs.  Nationstar further was not permitted by applicable law and the mortgage contracts to execute all affidavits and foreclosure deeds of behalf of Fannie Mae.

27.      Defendant, Federal National Mortgage Association claimed to hold the Representative Plaintiffs O'Connor, Inderlin, Jencks, Kuhn, Dupree, Means, Heon, Blanchette, Terrian, Coderre, Sachetti and Davis' Mortgages and Notes at the time of the invalid and void foreclosure sales. Fannie Mae employed Nationstar to service and foreclose on the mortgages while knowing or should have known that Nationstar did not have a servicing license in accordance with Rhode Island Law.  Fannie Mae is located at 1100 15th Street, Washington, DC 20005.

5

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 101 of 162 PageID #: 180

28.     Defendant, Federal Home Loan Mortgage Association ("Freddie Mac") claimed to hold the Representative Plaintiff Alix's Note at the time of the invalid and void foreclosure sale. Freddie Mac employed Nationstar to service, hold  and foreclose on the mortgages while knowing or should have known that Nationstar did not have a servicing license in accordance with Rhode Island Law.  Freddie Mac is located at 8200 Jones Branch Drive, McLean, VA 22102.

29.      Defendant, Secretary of Veteran Affairs ("Secretary of VA") claimed to hold the Representative Plaintiff Spooner's Note at the time of the invalid and void foreclosure sale. Secretary of VA employed Nationstar to service, hold and foreclose on the mortgages while knowing or should have known that Nationstar did not have a servicing license in accordance with Rhode Island Law.  Secretary of VA is located at State Capitol Building 3rd Floor, 1100 Bank Street, Richmond, VA 23219.

30.     At all times herein mentioned, Defendants, Nationstar and Fannie Mae, Nationstar and Freddie Mac and Nationstar and Secretary of VA, both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

31.     Defendants, Nationstar and Fannie Mae, Nationstar and Freddie Mac and Nationstar and Secretary of VA, had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts

### **ALLEGATIONS OF THE OCONNOR REPRESENTATIVE PLAINTIFF**

32.     The OConnor Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:22-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 102 of 162 PageID #: 181

33.    Representative Plaintiff, Karen M. OConnor, claims to be the rightful owner of 15 Darrow Drive, Warwick, RI 02852 which is the "subject property" referenced herein.

34.    On July 17, 2002, the Plaintiff OConnor was conveyed the subject property. The Deed granting the property to Plaintiff was recorded in the City of Warwick Land Evidence Records in Book 4107, at page 239 on July 22, 2002.

35.    On November 18, 2008, Plaintiff OConnor executed a promissory note and mortgage deed in favor of Mortgage Electronic Registration Systems ("MERS") as mortgagee and Flagstar Bank as lender. ("OConnor Mortgage/Note"). The OConnor Mortgage was recorded in the City of Warwick Land Evidence Records in Book 7030, at page 131 on April 3, 2009.

36.    The OConnor Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

7

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS   Document 4   Filed 01/04/22   Page 103 of 162 PageID #: 182

37.     On June 6, 2013, MERS purportedly assigned the subject mortgage to Defendant, Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the City of Warwick  Land Evidence Records in Book 7979 Page 94 on June 17, 2013.

38.     Nationstar became the servicer of the OConnor Mortgage on or about 2012.

39.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. –  (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

40.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

41.     On or about May 11, 2017, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff OConnor a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of July 25, 2017. Nationstar also caused to published said notice on July 4, 2017, July 11, 2017 and July 18, 2017.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-Cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 104 of 162 PageID
#: 183

42.     The Plaintiff OConnor alleges that from July 1, 2015 through August 29, 2017, including on May 11, 2017 through August 7, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

43.     The Plaintiff OConnor alleges that on July 25, 2017, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the OConnor Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

44.     The Plaintiff OConnor alleges, that on July 27, 2017, Nationstar executed an Affidavit pursuant to R.I.G.L. 34-27-4(c) and a Foreclosure Deed for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on August 7, 2017 in the City of Warwick Land Evidence Records in Book 8874 at Page 124.  Such action is were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

45.     The OConnor Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Lilly Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

9

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

21-1-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 105 of 162 PageID #: 184

and the property secured by the Lilly Mortgage can only be sold in a manner prescribed by and subject to "'applicable law'".

46.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by "'applicable law'", thus breaching the OConnor Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

47.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the OConnor Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to "'applicable law'". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

48.    The OConnor Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE REPRESENTATIVE INDERLIN PLAINTIFF

49.    The Representative Plaintiff Inderlin repeats and re-alleges every allegation above as if set forth herein in full.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 106 of 162 PageID
#: 185

50.     Representative Plaintiff, Joseph Inderlin, claims to be the rightful owner of 6 Blackcreek

Lane, Warwick, RI 02888 which is the "subject property" referenced herein.

51.     On or about August 31, 1995, Plaintiff Inderlin was conveyed the subject property. The

Deed granting the property to Plaintiff Indelin was recorded in the City of Warwick  Land Evidence

Records Book 2418 at Page 150 on August 31, 1995.

52.     On May 8, 2006, Plaintiff Inderlin executed a promissory note and mortgage deed in the

sum of Two Hundred Ninety-One Thousand Dollars ($291,000.00) in favor of GMAC Mortgage

Corp as lender and MERS as mortgagee. ("Inderlin Mortgage/Note"). The Inderlin Mortgage was

recorded in the City of Warwick  Land Evidence Records in Book 6193 at page 124 on May 30,

2006.

53.     The Inderlin Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
following Borrower's breach of any covenant or agreement in this Security
Instrument…The notice shall specify: (a) the default; (b) the action required to cure
the default; (c) a date, not less than 30 days from the date the notice is given to
Borrower, by which the default must be cured; and (d) that failure to cure the default
on or before the date specified in the notice may result in acceleration of the sums
secured by this Security Instrument and sale of the Property. The notice shall further
inform Borrower of the right to reinstate after acceleration and the right to bring a
court action to assert the non-existence of a default or any other defense of
Borrower to acceleration and sale. If the default is not cured on or before the date
specified in the notice, Lender at its option may require immediate payment in full
of all sums secured by this Security Instrument without further demand and may
invoke the STATUTORY POWER OF SALE and any other remedies permitted by
Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing
the remedies provided in this Section 22, including, but not limited to, reasonable
attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
notice of sale, and the Property shall be sold in the manner prescribed by Applicable
Law. Lender or its designee may purchase the Property at any sale. The proceeds
of the sale shall be applied in the following order: (a) to all expenses of the sale,
including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by

11

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 107 of 162 PageID
#: 186

this Security Instrument; and (c) any excess to the person or persons legally entitled
to it.

54.    On March 22, 2013, Nationstar purportedly assigned the subject mortgage to Fannie Mae.

Said purported "Assignment of Mortgage" was recorded in the City of Warwick  Land Evidence

Records in Book 7932 Page 272 on April 11, 2013.

55.    Nationstar became the servicer of the Inderlin Mortgage on or about 2012.

56.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. –  (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

57.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

58.    On or about February 24, 2016, Nationstar, acting as third-party servicer on behalf of

Fannie Mae, caused to be sent to Inderlin a Notice of Mortgagee Foreclosure Sale. Said Notice of

Mortgagee Foreclosure Sale stated a sale date of April 19, 2016.  Nationstar also caused to

published said notice on March 29, 2016, April 5, 2016 and April 12, 2016.

12

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:22-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 108 of 162 PageID
#: 187

59.     The Inderlin Plaintiff alleges that from July 1, 2015 through August 29, 2017, including on February 24, 2016 through May 25, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

60.     The Inderlin Plaintiff alleges, that on April 19, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Inderlin Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

61.     The Inderlin Plaintiff alleges, that on April 28, 2016, Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on May 25, 2016 in the City of Warwick Land Evidence Records in Book 8585 at Page 34.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

62.     The Inderlin Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Inderlin Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

13

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 109 of 162 PageID
#: 188

and the property secured by the Inderlin Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

63.      As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Inderlin Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

64.      As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Inderlin Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

65.      The Inderlin Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE REPRESENTATIVE PLAINTIFF JENCKS

66.      The Representative Plaintiff Jencks repeats and re-alleges every allegation above as if set forth herein in full.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 110 of 162 PageID
#: 189

67.     Representative Plaintiff, Robert C. Jencks, claims to be the rightful owner of 29 Tyler Street, Warwick, RI 02888 which is one of the "subject properties" referenced herein.

68.     On June 30, 2005, Plaintiff Jencks was conveyed the subject property. The Deed granting the property to Plaintiff was recorded in the City of Warwick Land Evidence Records in Book 5771 at Page 253 on June 30, 2005.

69.     On July 24, 2006, Plaintiff Jencks executed a promissory note and mortgage deed in favor of America's Wholesale Lender as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Jencks Mortgage/Note"). The Jencks Mortgage was recorded in the City of Warwick Land Evidence Records in Book 6272, at page 22 on August 2, 2006.

70.     The Jencks Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

15

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

KC-2021-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 111 of 162 PageID #: 190

71.     On April 27, 2009, MERS purportedly assigned the subject mortgage to Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the City of Warwick  Land Evidence Records in Book 7051 Page 55 on May 5, 2009.

72.     Nationstar became the servicer of the Jencks Mortgage prior to 2013.

73.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

74.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

75.     On or about June 22, 2015, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of August 12, 2015. Nationstar also caused to published said notice on July 22, 2015, July 29, 2015 and August 5, 2015.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 112 of 162 PageID #: 191

76.    The Plaintiff Jencks alleges that from July 1, 2015 through September 28, 2017, including on July 22, 2015 through October 22, 2015, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

77.    The Plaintiff Jencks alleges, that on August 12, 2015, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Jencks Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

78.    The Plaintiff Jencks alleges, that on August 26, 2015 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on October 22, 2015 in the City of Warwick Land Evidence Records in Book 8463 at Page 285.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

79.    The Plaintiff Jencks also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Jencks Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

17

and the property secured by the Jencks Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

80.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Jencks Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

81.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Jencks Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

82.    The Jencks Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

**ALLEGATIONS OF THE KUHN REPRESENTATIVE PLAINTIFF**

83.    The Kuhn Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

18

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 114 of 162 PageID #: 193

84.    Representative Plaintiff, Scott S. Kuhn, claims to be the rightful owner of 7 Bayonne Avenue, Warwick, RI 02889 which is the "subject property" referenced herein.

85.    On April 26, 2007, Plaintiff Kuhn was conveyed the subject property. The Deed granting the property to Plaintiff Kuhn was recorded in the City of Warwick  Land Evidence Records in Book 6562, at page 226 on May 11, 2007.

86.    On May 11, 2007, Plaintiff Kuhn executed a promissory note and mortgage deed in the sum of Two Hundred Thirty Thousand Dollars ($230,000.00) in favor of Indymac Bank as lender and MERS as mortgagee. ("Kuhn Mortgage/Note"). The Kuhn Mortgage was recorded in the City of Warwick  Land Evidence Records in Book 6562, at page 229 on May 11, 2007.

87.    The Kuhn Mortgage states at Paragraph 22 as follows:

22.    Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

19

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 115 of 162 PageID
#: 194

88.     On March 30, 2016, Nationstar purportedly assigned the subject mortgage to Defendant

Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the City of Warwick

Land Evidence Records in Book 8555 Page 211 on April 4, 2016.

89.     Nationstar became the servicer of the Kuhn Mortgage prior to 2016.

90.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

91.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

92.     On or about September 22, 2016, Nationstar, acting as third-party servicer on behalf of

Fannie Mae, caused to be sent to the Plaintiff Kuhn a Notice of Mortgagee Foreclosure Sale. Said

Notice of Mortgagee Foreclosure Sale stated a sale date of November 15, 2016. Nationstar also

caused to published said notice on October 25, 2016, November 1, 2016 and November 8, 2016.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

93.     The Plaintiff Kuhn alleges that from July 1, 2015 through August 29, 2017, including on September 22, 2016 through December 15, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

94.     The Plaintiff Kuhn alleges, that on November 15, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Kuhn Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

95.     The Plaintiff Kuhn alleges, that on November 23, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on December 15, 2016 in the City of Warwick Land Evidence Records in Book 8724 at Page 92.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

96.     The Plaintiff Kuhn also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Kuhn Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Kuhn Mortgage can only be sold in a manner prescribed by and

21

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 117 of 162 PageID
#: 196

subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Kuhn Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

97.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Kuhn Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

98.    The Kuhn Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE DUPREE/MEANS REPRESENTATIVE PLAINTIFFS

99.    The Plaintiffs Dupree/Means repeat and re-allege every allegation above as if set forth herein in full.

100.    Plaintiffs, Dorinda A. Dupree and Dolores Ann Means, claim to be the rightful owners of 78 Calendar Avenue, Newport, RI 02840 which is the "subject property" referenced herein.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 118 of 162 PageID #: 197

101.    On December 8, 2006, Plaintiffs were conveyed the subject property. The Deed granting the property to Plaintiffs Dupree/Means was recorded in the City of Newport  Land Evidence Records in Book 1807, at page 306 on December 12, 2006.

102.    On May 22, 2007, Plaintiffs Dupree/Means executed a promissory note and mortgage deed in the sum of Three Hundred and Sixty-Five Thousand, Five Hundred Dollars ($365,500.00) in favor of First Magnus Financial Corporation as lender and MERS as mortgagee. ("Dupree/Means Mortgage/Note"). The Dupree/Means Mortgage was recorded in the City of Newport  Land Evidence Records in Book 1856, at page 120 on May 29, 2007.

103.    The Dupree/Means Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

21-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 119 of 162 PageID
#: 198

104.    On April 17, 2014, MERS purportedly assigned the subject mortgage to Defendant Fannie

Mae.  Said purported "Assignment of Mortgage" was recorded in the City of Newport  Land

Evidence Records in Book 2431 Page 94 on April 25, 2014.

105.    Nationstar became the servicer of the Kuhn Mortgage prior to 2014.

106.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. –  (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

107.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

108.    On or about May 7, 2016, Nationstar, acting as third-party servicer on behalf of Fannie

Mae, caused to be sent to the Plaintiffs Dupree/Means a Notice of Mortgagee Foreclosure Sale.

Said Notice of Mortgagee Foreclosure Sale stated a sale date of June 28, 2016. Nationstar also

caused to published said notice on June 7, 2016, June 14, 2016 and June 21, 2016.

24

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 120 of 162 PageID
#: 199

109.    The Plaintiffs Dupree/Means allege that from July 1, 2015 through August 29, 2017, including on May 7, 2016 through August 19, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

110.    The Plaintiffs Dupree/Means allege, that on June 28, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Dupree/Means Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

111.    The Plaintiffs Dupree/Means allege, that on August 5, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on August 19, 2016 in the City of Newport Land Evidence Records in Book 2608 at Page 99.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

112.    The Plaintiffs Dupree/Means also allege, that the foreclosure and sale are in breach of paragraph 22 of the Dupree/Means Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Dupree/Means Mortgage can only be sold in a

25

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

KC-21-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 121 of 162 PageID #: 200

manner prescribed by and subject to ""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Dupree/Means Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

113.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Dupree/Means Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

114.    The Dupree/Means Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE HEON REPRESENTATIVE PLAINTIFF

115.    The Plaintiff Heon repeats and re-alleges every allegation above as if set forth herein in full.

116.    Representative Plaintiff, Christopher Heon, claims to be the rightful owner of 20 Laforge Drive, Coventry, RI 02816 which is the "subject property" referenced herein.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 122 of 162 PageID
#: 201

117.     On August 17, 2000, Plaintiff Heon was conveyed the subject property. The Deed granting

the property to Plaintiff Heon was recorded in the Town of Coventry  Land Evidence Records in

Book 903 at Page 221 on August 18, 2000.

118.     On May 24, 2005, Plaintiff Heon executed a promissory note and mortgage deed in the

sum of Two Hundred Thirty-Two Thousand Dollars ($232,000.00) in favor of Countrywide Home

Loans, Inc. as lender and MERS as mortgagee. ("Heon Mortgage/Note"). The Heon Mortgage was

recorded in the Town of Coventry  Land Evidence Records in Book 1668 at page 58 on May 25,

2005.

119.     The Heon Mortgage states at Paragraph 22 as follows:

22.  Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
following Borrower's breach of any covenant or agreement in this Security
Instrument…The notice shall specify: (a) the default; (b) the action required to cure
the default; (c) a date, not less than 30 days from the date the notice is given to
Borrower, by which the default must be cured; and (d) that failure to cure the default
on or before the date specified in the notice may result in acceleration of the sums
secured by this Security Instrument and sale of the Property. The notice shall further
inform Borrower of the right to reinstate after acceleration and the right to bring a
court action to assert the non-existence of a default or any other defense of
Borrower to acceleration and sale. If the default is not cured on or before the date
specified in the notice, Lender at its option may require immediate payment in full
of all sums secured by this Security Instrument without further demand and may
invoke the STATUTORY POWER OF SALE and any other remedies permitted by
Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing
the remedies provided in this Section 22, including, but not limited to, reasonable
attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
notice of sale, and the Property shall be sold in the manner prescribed by Applicable
Law. Lender or its designee may purchase the Property at any sale. The proceeds of
the sale shall be applied in the following order: (a) to all expenses of the sale,
including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
this Security Instrument; and (c) any excess to the person or persons legally entitled
to it.

27

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 123 of 162 PageID
#: 202

120.    On September 16, 2014, the subject mortgage was purportedly assigned to Fannie Mae.

Said purported "Assignment of Mortgage" was recorded in the Town of Coventry Land Evidence

Records in Book 1993 Page 866 on September 23, 2014.

121.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

122.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

123.    On or about July 17, 2017, Nationstar, acting as third-party servicer on behalf of Fannie

Mae, caused to be sent to the Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of

Mortgagee Foreclosure Sale stated a sale date of September 6, 2017. Nationstar also caused to

published said notice on August 16, 2017, August 23, 2017 and August 30, 2017.

124.    The Plaintiff Heon alleges that from July 1, 2015 through August 29, 2017, including on

July 16, 2017 through August 23, 2017, Nationstar was not a licensed third-party servicer in the

State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:22-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 124 of 162 PageID
#: 203

125.    The Plaintiff Heon alleges, that on September 6, 2017, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Heon Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

126.    The Plaintiffs Heon allege, that on September 18, 2017, Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae. The Foreclosure Deed was recorded on October 20, 2017 in the Town of Coventry Land Evidence Records in Book 2085 at Page 308. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

127.    The Plaintiff Heon alleges, that the foreclosure and sale are in breach of paragraph 22 of the Heon Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Heon Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

128.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General

29

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

21-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 125 of 162 PageID
#: 204

pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Heon Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

129.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Heon Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

130.    The Heon Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE BLANCHETTE REPRESENTATIVE PLAINTIFF

131.    The Plaintiff Blanchette repeats and re-alleges every allegation above as if set forth herein in full.

132.    Plaintiff, Glen Blanchette, claims to be the rightful owner of 27 Green Street, Cumberland, RI 02864 which is the "subject property" referenced herein.

133.    On June 22, 2007, Plaintiff Blanchette was conveyed the subject property. The Deed granting the property to Plaintiff was recorded in the Town of Cumberland  Land Evidence Records in Book 1391, at page 479 on July 17, 2007.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

134.    On December 21, 2007, Plaintiff Blanchette executed a promissory note and mortgage deed in favor of Nationstar Mortgage LLC as lender and mortgagee. ("Blanchette Mortgage/Note"). The Blanchette Mortgage was recorded in the Town of Cumberland  Land Evidence Records in Book 1411, at page 546 on January 16, 2008.

135.    The Blanchette Mortgage states at Paragraph 22 as follows:

22.    Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

136.    On January 24, 2014, Nationstar purportedly assigned the subject mortgage to Defendant Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the Town of Cumberland Land Evidence Records in Book 1640 Page 227 on January 31, 2014.

137.    Nationstar became the servicer of the Blanchette Mortgage prior to 2014.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 127 of 162 PageID
#: 206

138.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

139.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

140.    On or about May 9, 2016, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of June 30, 2015. Nationstar also caused to published said notice on June 9, 2016, June 16, 2016 and June 23, 2016.

141.    The Plaintiff Blanchette alleges that from July 1, 2015 through August 29, 2017, including on May 9, 2016 through August 22, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

142.    The Plaintiff Blanchette alleges, that on June 30, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Blanchette Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1,

32

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:22-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 128 of 162 PageID #: 207

subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

143.    The Plaintiff Blanchette alleges that on July 15, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on August 22, 2016 in the Town of Cumberland Land Evidence Records in Book 1719 at Page 830.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

144.    The Plaintiff Blanchette also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Blanchette Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies as permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Blanchette Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Blanchette Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

33

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

KC-2021-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 129 of 162 PageID #: 208

145.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Blanchette Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

146.    The Blanchette Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

**ALLEGATIONS OF THE TERRIAN REPRESENTATIVE PLAINTIFFS**

147.    The Plaintiffs Terrian repeat and re-allege every allegation above as if set forth herein in full.

148.    Plaintiffs, Jennifer M. Terrian and James P. Terrian, claims to be the rightful owner of 24 Juniper Hill Drive, Coventry, RI 02816 which is one of the "subject properties" referenced herein.

149.    On September 11, 2006, Plaintiffs Terrian were conveyed the subject property. The Deed granting the property to Plaintiffs Terrian was recorded in the Town of Coventry  Land Evidence Records in Book 1738, at page 614 on September 12, 2016.

150.    On September 11, 2006, Plaintiffs Terrian executed a promissory note and mortgage deed in the sum of Three Hundred and Eight Thousand Dollars ($308,000.00) in favor of Countrywide Home Loans, Inc. as lender and Mortgage Electronic Registration Systems ("MERS")  as

34

mortgagee. ("Terrian Mortgage/Note"). The Terrian Mortgage was recorded in the Town of Coventry Land Evidence Records in Book 1738, at page 616 on September 12, 2006.

151.    The Terrian Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

152.    On September 29, 2010, MERS purportedly assigned the subject mortgage to Defendant Fannie Mae. Said purported "Assignment of Mortgage" was recorded in the Town of Coventry Land Evidence Records in Book 1875 Page 975 on October 6, 2010.

153.    Nationstar became the servicer of the Terrian Mortgage prior to 2015.

154.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

35

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 131 of 162 PageID #: 210

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

155.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

156.    On or about August 30, 2015, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgage Foreclosure Sale stated a sale date of October 21, 2015. Nationstar also caused to published said notice on September 30, 2015, October 7, 2015 and October 14, 2015.

157.    The Plaintiffs Terrian allege that from July 1, 2015 through August 29, 2017, including on August 30, 2015 through November 17, 2015, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

158.    The Plaintiffs Terrian allege, that on October 21, 2015, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Terrian Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

36

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 132 of 162 PageID
#: 211

159.    The Plaintiffs Terrian allege, that on November 17, 2015 Nationstar executed a Foreclosure

Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure

Deed was recorded on September 2, 2017 in the Town of Coventry Land Evidence Records in

Book 2049 at Page 598.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to

prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the

""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void,

invalid, and without force and effect, for Defendants' failure to comply with conditions precedent

prior to exercising the Statutory Power of Sale.

160.    The Plaintiffs Terrian also allege, that the foreclosure and sale are in breach of paragraph

22 of the Terrian Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY

POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis

Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the

Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

and the property secured by the Terrian Mortgage can only be sold in a manner prescribed by and

subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting

mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution

by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed

their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to

and prescribed by ""applicable law"", thus breaching the Terrian Mortgage and for failing to first

comply with the terms of the mortgage prior to exercising the power of sale.

161.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph

22 of the Terrian Mortgage contract due to Defendants' failure to foreclose and sell in the manner

prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void,

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:08 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 133 of 162 PageID
#: 212

invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.,</u> C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

162.    The Terrian Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

<b><u>ALLEGATIONS OF THE CODERRE REPRESENTATIVE PLAINTIFF</u></b>

163.    The Plaintiff Coderre repeats and re-alleges every allegation above as if set forth herein in full.

164.    Representative Plaintiff, Jason Coderre, claims to be the rightful owner of 138 Spring Valley Drive, East Greenwich, RI 02818 which is the "subject property" referenced herein.

165.    On July 3, 2000, Plaintiff Coderre was conveyed the subject property. The Deed granting the property to Plaintiff Coderre was recorded in the Town of East Greenwich  Land Evidence Records in Book 682, at page 147 on July 3, 2000.

166.    On March 26, 2004, Plaintiff executed a promissory note and mortgage deed in favor of First Guarantee Mortgage LLC as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Coderre Mortgage/Note"). The Coderre Mortgage was recorded in the Town of East Greenwich  Land Evidence Records in Book 682, at page 147 on April 27, 2004.

167.    The Coderre Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to

38

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 134 of 162 PageID #: 213

Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

168.  On October 31, 2013, the Coderre Mortgage was purportedly assigned to Defendant Fannie Mae. Said purported "Assignment of Mortgage" was recorded in the Town of East Greenwich Land Evidence Records in Book 1235 Page 90 on November 22, 2013.

169.  Nationstar became the servicer of the Coderre Mortgage prior to 2015.

170.  On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

171.  Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

39

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:22-CV-00002-MSM-PAS     Document 4     Filed 01/04/22     Page 135 of 162 PageID #: 214

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

172.    On or about December 9, 2015, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff Coderre a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of January 29, 2016.  Nationstar also caused to published said notice on January 8, 2016, January 15, 2016 and January 22, 2016.

173.    The Plaintiff Coderre alleges that from July 1, 2015 through August 29, 2017, including on December 9, 2015 through March 4, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

174.    The Plaintiff Coderre alleges, that on January 29, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Coderre Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

175.    The Plaintiff Coderre alleges, that on February 12, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on March 4, 2016 in the Town of East Greenwich Land Evidence Records in Book 1314 at Page 228.   Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the

40

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:00 AM
Envelope: 3398843
Reviewer: Dennis R.

1:22-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 136 of 162 PageID
#: 215

""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

176.    The Plaintiff Coderre also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Coderre Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Coderre Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Coderre Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

177.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Coderre Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 137 of 162 PageID
#: 216

178.   The Coderre Plaintiff and members of the class are entitled to damages for the untimely

loss of their property that was caused by the Defendant's failure to comply with applicable law.

See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES,

20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## ALLEGATIONS OF THE SACCHETTI REPRESENTATIVE PLAINTIFF

179.   The Plaintiff Sacchetti repeats and re-alleges every allegation above as if set forth herein in

full.

180.   Representative Plaintiff, Shannon K. Sacchetti, claims to be the rightful owner of 165

Grand View Drive, Warwick, RI 02886 which is the "subject property" referenced herein.

181.   On October 14, 2005, Plaintiff Sacchetti was conveyed the subject property. The Deed

granting the property to Plaintiff Coderre was recorded in the City of Warwick  Land Evidence

Records in Book 5934, at page 61 on October 19, 2005.

182.   On November 26, 2012, Plaintiff executed a promissory note and mortgage deed in favor

of American Financial Resources, Inc. as lender and Mortgage Electronic Registration Systems

("MERS") as mortgagee. ("Sacchetti Mortgage/Note"). The Sacchetti Mortgage was recorded in

the City of Warwick  Land Evidence Records in Book 7840, at page 161 on November 30, 2012.

183.   The Sacchetti Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
following Borrower's breach of any covenant or agreement in this Security
Instrument…The notice shall specify: (a) the default; (b) the action required to cure
the default; (c) a date, not less than 30 days from the date the notice is given to
Borrower, by which the default must be cured; and (d) that failure to cure the default
on or before the date specified in the notice may result in acceleration of the sums
secured by this Security Instrument and sale of the Property. The notice shall further
inform Borrower of the right to reinstate after acceleration and the right to bring a
court action to assert the non-existence of a default or any other defense of
Borrower to acceleration and sale. If the default is not cured on or before the date
specified in the notice, Lender at its option may require immediate payment in full
of all sums secured by this Security Instrument without further demand and may

42

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 138 of 162 PageID #: 217

invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

184.    On November 15, 2016, the Sacchetti Mortgage was purportedly assigned to Defendant Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the City of Warwick Land Evidence Records in Book 8705 Page 198 on November 17, 2016.

185.    Nationstar became the servicer of the Coderre Mortgage prior to 2015.

186.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

187.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be

43

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 139 of 162 PageID #: 218

required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

188.    On or about April 24, 2017, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff Sacchetti a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of June 20, 2017.  Nationstar also caused to published said notice on May 30, 2017, June 6, 2017 and June 13, 2017.

189.    The Plaintiff Sacchetti alleges that from July 1, 2015 through August 29, 2017, including on April 24, 2017 through July 24, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

190.    The Plaintiff Sachetti alleges, that on June 20, 2017, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Sachetti Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

191.    The Plaintiff Sachetti alleges, that on June 23, 2017 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on July 24, 2017 in the City of Cranston Land Evidence Records in Book 8863 at Page 188.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-CV-00002-MSM-PAS   Document 4   Filed 01/04/22   Page 140 of 162 PageID
#: 219

192.   The Plaintiff Sachetti also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Sachetti Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Sachetti Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Sachetti Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

193.   As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Sachetti Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

194.   The Sachetti Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

45

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

## ALLEGATIONS OF THE DAVIS REPRESENTATIVE PLAINTIFF

195.    The Plaintiff Davis repeats and re-alleges every allegation above as if set forth herein in full.

196.    Representative Plaintiff, Lisa Davis, claims to be the rightful owner of 9 Nimitz Road, East Providence, RI 02916 which is the "subject property" referenced herein.

197.    On June 25, 2007, Plaintiff Davis was conveyed the subject property. The Deed granting the property to Plaintiff Davis was recorded in the City of East Providence Land Evidence Records in Book 2854, at page 219 on July 2, 2007.

198.    On June 25, 2007, Plaintiff executed a promissory note and mortgage deed in favor of Countrywide Home Loans Inc. as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Davis Mortgage/Note"). The Davis Mortgage was recorded in the City of East Providence Land Evidence Records in Book 2854, at page 221 on July 2, 2007.

199.    The Davis Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable</u>

46

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 142 of 162 PageID
#: 221

Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

200.    On February 10, 2010, the subject mortgage was purportedly assigned the Davis Mortgage to Defendant Fannie Mae. Said purported "Assignment of Mortgage" was recorded in the City of East Providence Land Evidence Records in Book 3140 Page 161 on February 26, 2010.

201.    Nationstar became the servicer of the Davis Mortgage prior to 2015.

202.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

203.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

204.    On or about January 16, 2016, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff Davis a Notice of Mortgagee Foreclosure Sale. Said Notice

47

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 143 of 162 PageID #: 222

of Mortgagee Foreclosure Sale stated a sale date of March 9, 2016. Nationstar also caused to published said notice on February 17, 2016, February 24, 2016 and March 2, 2016.

205.    The Plaintiff Davis alleges that from July 1, 2015 through August 29, 2017, including on January 16, 2016 through April 29, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

206.    The Plaintiff Davis alleges, that on March 9, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Davis Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

207.    The Plaintiff Davis alleges, that on April 21, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae. The Foreclosure Deed was recorded on April 29, 2016 in the City of East Providence Land Evidence Records in Book 3774 at Page 192. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

208.    The Plaintiff Davis also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Davis Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

2:21-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 144 of 162 PageID #: 223

Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""
and the property secured by the Davis Mortgage can only be sold in a manner prescribed by and
subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting
mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution
by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed
their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to
and prescribed by ""applicable law"", thus breaching the Davis Mortgage and for failing to first
comply with the terms of the mortgage prior to exercising the power of sale.

209.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph
22 of the Davis Mortgage contract due to Defendants' failure to foreclose and sell in the manner
prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void,
invalid, and without force or effect, for Defendants' failure to comply with conditions precedent
prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency,
et al.,</u> C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re
Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

210.    The Davis Plaintiff and members of the class are entitled to damages for the untimely loss
of their property that was caused by the Defendant's failure to comply with applicable law.  See.
<u>Andrade v. Ocwen Loan Servicing, LLC,</u> C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-
037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

## ALLEGATIONS OF THE ALIX REPRESENTATIVE PLAINTIFF

211.    The Plaintiff Alix repeats and re-alleges every allegation above as if set forth herein in full.

212.    Representative Plaintiff, Roger Alix, claims to be the rightful owner of 363 Arcadia Road,
Richmond, RI 02832, which is the "subject property" referenced herein.

49

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 145 of 162 PageID #: 224

213. On December 24, 1998, Plaintiff Alix was conveyed the subject property. The Deed granting the property to Plaintiff Alix was recorded in the Town of Richmond Land Evidence Records in Book 123, at page 376 on December 24, 1998.

214. On December 24, 2006, Plaintiff executed a promissory note and mortgage deed in favor of First Magnus Financial Corporation as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Alix Mortgage/Note"). The Alix Mortgage was recorded in the Town of Richmond Land Evidence Records in Book 233, at page 535 on January 4, 2007.

215. The Alix Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

50

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 146 of 162 PageID
#: 225

216.    On December 13, 2013, the subject mortgage was purportedly assigned to Nationstar. Said purported "Assignment of Mortgage" was recorded in the Town of Richmond Land Evidence Records in Book 3140 Page 161 on February 26, 2010.

217.    At all relevant times Nationstar was the servicer of the Alix Mortgage on behalf of the noteholder, Freddie Mac.

218.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

219.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

220.    On or about May 15, 2015, Nationstar, acting as third-party servicer on behalf of Freddie Mac, caused to be sent to the Plaintiff Alix a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of July 8, 2015. Nationstar also caused to published said notice on June 17, 2015.

51

221.    The Plaintiff Alix alleges that from July 1, 2015 through August 29, 2017, including on May 15, 2015 through August 13, 2015, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

222.    The Plaintiff Alix alleges, that on July 8, 2015, Nationstar, acting as third-party mortgage servicer for Freddie Mac foreclosed the Alix Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

223.    The Plaintiff Alix alleges, that on July 20, 2015 Nationstar executed a Foreclosure Deed granting the property to Freddie Mac.  The Foreclosure Deed was recorded on August 13, 2015 in the Town of Richmond Land Evidence Records in Book 298 at Page 961.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

224.    The Plaintiff Alix also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Alix Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Alix Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting

52

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 148 of 162 PageID
#: 227

mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution

by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Freddie Mac failed

their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to

and prescribed by ""applicable law"", thus breaching the Alix Mortgage and for failing to first

comply with the terms of the mortgage prior to exercising the power of sale.

225.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph

22 of the Alix Mortgage contract due to Defendants' failure to foreclose and sell in the manner

prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void,

invalid, and without force or effect, for Defendants' failure to comply with conditions precedent

prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency,</u>

<u>et al.,</u> C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re</u>

<u>Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

226.    The Alix Plaintiff and members of the class are entitled to damages for the untimely loss

of their property that was caused by the Defendant's failure to comply with applicable law.  See.

<u>Andrade v. Ocwen Loan Servicing, LLC,</u> C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-

037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

### ALLEGATIONS OF THE SPOONER REPRESENTATIVE PLAINTIFF

227.    The Plaintiff Spooner repeats and re-alleges every allegation above as if set forth herein in

full.

228.    Representative Plaintiff, Allan A. Spooner, claims to be the rightful owner of 32 Vine

Street, East Providence, RI 02916 which is the "subject property" referenced herein.

53

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 149 of 162 PageID
#: 228

229.    On July 15, 2010, Plaintiff Spooner was conveyed the subject property. The Deed granting
the property to Plaintiff Spooner was recorded in the City of East Providence Land Evidence
Records in Book 3174, at page 98 on July 16, 2010.

230.    On July 15, 2010, Plaintiff executed a promissory note and mortgage deed in favor of Sierra
Pacific Mortgage Corporation. as lender and Mortgage Electronic Registration Systems ("MERS")
as mortgagee. ("Spooner Mortgage/Note"). The Spooner Mortgage was recorded in the City of
East Providence Land Evidence Records in Book 3174, at page 99 on July 16, 2010.

231.    The Spooner Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
    following Borrower's breach of any covenant or agreement in this Security
    Instrument…The notice shall specify: (a) the default; (b) the action required to cure
    the default; (c) a date, not less than 30 days from the date the notice is given to
    Borrower, by which the default must be cured; and (d) that failure to cure the default
    on or before the date specified in the notice may result in acceleration of the sums
    secured by this Security Instrument and sale of the Property. The notice shall further
    inform Borrower of the right to reinstate after acceleration and the right to bring a
    court action to assert the non-existence of a default or any other defense of
    Borrower to acceleration and sale. If the default is not cured on or before the date
    specified in the notice, Lender at its option may require immediate payment in full
    of all sums secured by this Security Instrument without further demand and may
    invoke the STATUTORY POWER OF SALE and any other remedies permitted by
    Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing
    the remedies provided in this Section 22, including, but not limited to, reasonable
    attorneys' fees and costs of title evidence.

    If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
    of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
    notice of sale, and the Property shall be sold in the manner prescribed by Applicable
    Law. Lender or its designee may purchase the Property at any sale. The proceeds
    of the sale shall be applied in the following order: (a) to all expenses of the sale,
    including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
    this Security Instrument; and (c) any excess to the person or persons legally entitled
    to it.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS   Document 4   Filed 01/04/22   Page 150 of 162 PageID
#: 229

232.    On July 14, 2016, the subject mortgage was purportedly assigned the Spooner Mortgage to

Defendant Nationstar.  Said purported "Assignment of Mortgage" was recorded in the City of East

Providence Land Evidence Records in Book 3818 Page 250 on September 1, 2016.

233.    At all relevant times Nationstar was the servicer of the Spooner Mortgage on behalf of the

noteholder, Secretary of Veteran Affairs.

234.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

235.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

236.    On or about December 10, 2016, Nationstar, acting as third-party servicer on behalf of

Secretary of VA, caused to be sent to the Plaintiff Spooner a Notice of Mortgagee Foreclosure

Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of February 1, 2017.  Nationstar

also caused to published said notice on January 11, 2017, January 18, 2017 and January 25, 2017.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

237.    The Plaintiff Spooner alleges that from July 1, 2015 through August 29, 2017, including

on December 10, 2016 through March 9, 2017, Nationstar was not a licensed third-party servicer

in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

238.    The Plaintiff Spooner alleges, that on February 1, 2017, Nationstar, acting as third-party

mortgage servicer for Secretary of VA foreclosed the Spooner Mortgage and sold the subject

property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1,

subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void,

invalid, and without force and effect, for Defendants' failure to comply with conditions precedent

prior to exercising the Statutory Power of Sale

239.    The Plaintiff Spooner alleges, that on February 20, 2017 Nationstar executed a Foreclosure

Deed granting the property to Secretary of VA.  The Foreclosure Deed was recorded on March 9,

2017 in the City of East Providence Land Evidence Records in Book 3880 at Page 240.  Such

actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney

General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the

Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and

effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory

Power of Sale.

240.    The Plaintiff Spooner also alleges, that the foreclosure and sale are in breach of paragraph

22 of the Spooner Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY

POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis

Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the

Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

and the property secured by the Spooner Mortgage can only be sold in a manner prescribed by and

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

KC-2021-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 152 of 162 PageID
#: 231

subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Secretary of VA failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Spooner Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

241.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Spooner Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

242.    The Spooner Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## CLASS ALLEGATIONS

243.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

244.    Plaintiffs bring this action as a Class Action pursuant to Fed. R. Civ. P. Rule 23.

245.    The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners wherein Defendants breached the terms of the Representative Plaintiffs and Class

57

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 153 of 162 PageID #: 232

Members mortgages by failing to foreclose and sell in the manner prescribed by ""applicable law"" when conducting foreclosures and mortgagee's sales between July 1, 2015 through August 29, 2017, in violation of R.I.G.L. § 19-14.11-1.

246.    The gravity of harm to the Representative Plaintiffs and members of the class resulting from the Defendants' wrongdoing outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

247.    Defendants' conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

248.    The Representative Plaintiffs and members of the class suffered quantifiable damages such as illegal servicing fees, loss of use and equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

249.    The Representative Plaintiffs and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

250.    The Representative Plaintiffs and members of the class seek actual, exemplary, punitive, and monetary damages.

251.    The Representative Plaintiffs claim on behalf of themselves and all others so similarly situated that the Defendants breaches of mortgage contracts by violating R.I.G.L. § 19-14.11-1 and failure to comply with applicable law as a condition precedent prior to exercising the Statutory Power of Sale, are the direct causes of the harms alleged herein.

252.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, claim that all foreclosures that occurred as a result of any foreclosure notices sent or published during

58

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-CV-00002-MSM-PAS   Document 4   Filed 01/04/22   Page 154 of 162 PageID #: 233

the time in which Nationstar was not licensed as a third-party servicer are null and void for failure to comply with the condition precedent to Statutory Power of Sale outlined in the mortgages that the Defendants foreclose in the manner subject to and as prescribed by ""applicable law"".

253.   Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

254.   The Representative Plaintiffs do not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants. The Representative Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants books and records.  Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

255.   The Representative Plaintiffs and all members of the class have been subject to and affected by the same conduct.

256.   The questions of law and fact are common to the class and predominate over any questions affecting only individual members of the class. (i.e. Commonality).

257.   The claims of the Representative Plaintiffs are typical of the claims of the class and do not conflict with the interests of any other members of the class in that the Representative Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

258.   The Representative Plaintiffs will fairly and adequately represent the interests of the class as a whole.  The Representative Plaintiffs are committed to the vigorous prosecution of the class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

59

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 155 of 162 PageID #: 234

259.    A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

260.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

261.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

262.    It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

263.    The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

264.    It is desirable to concentrate the litigation of the claims in this particular forum.

265.    There are little to no difficulties likely to be encountered in the management of a classification.

## <u>COUNT I</u>
### BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT PRIOR TO EXERCISE THE STATUTORY POWER OF SALE (SERVICING LICENSE ALLEGATIONS)

266.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

267.    In Rhode Island, the right to exercise the power of sale in a mortgage is derived from the mortgage contract itself.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:22-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 156 of 162 PageID
#: 235

268.    In Rhode Island, a contract containing a requirement that any foreclosure and sale be conducted in a manner subject to and/or as prescribed or permitted by ""applicable law"" is construed as a condition precedent, which requires strict compliance.

269.    The Representative Plaintiffs' Mortgages all provide that any notice, foreclosure, and sale be conducted in a manner subject to, prescribed by and or permitted by "applicable law" at paragraph 22 of their respective mortgages.

270.    In Rhode Island, a mortgagee agreeing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law", must do so as agreed.

271.    In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of Paragraph 22 of the mortgages are obligations of the mortgagees.  Failing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law" pursuant to the mortgage is a breach of contract and renders a foreclosure sale void.

272.    As noted above, Representative Plaintiffs' Mortgages and members of the Class Plaintiffs' Mortgages state at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

61

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

2-CV-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 157 of 162 PageID
#: 236

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

273.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

274.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

275.    The Representative Plaintiffs allege that at the time the foreclosure notices were sent, the time of the foreclosure publications, the time of the auctions, the time of the execution of the foreclosure deeds, the time of the execution of the Affidavits of Sale in accordance with R.I.G.L. 34-11-22 and 34-27-4, and the time of the recordings of the foreclosure deeds, Nationstar was not

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 158 of 162 PageID
#: 237

a licensed third-party servicer on behalf of Fannie Mae in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1 and that Nationstar's initiation of the above actions without "first obtaining a license" were violations of the condition precedent that it must first obtain a license in accordance with the applicable law provisions of said mortgages, as such actions were classified as misdemeanor crimes and not permitted by applicable law.

276.    Representative Plaintiffs aver that all acts described above were in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and are void, invalid, and without force and effect, for Defendants' failure to comply with applicable law as a conditions precedent prior to exercising the Statutory Power of Sale.

277.    The Representative Plaintiffs allege, that the foreclosures and sales are in breach of paragraph 22 of the Mortgages, which requires that all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the properties secured by the Mortgages could only be sold in a manner prescribed by, subject to and permitted by "applicable law".

278.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Mortgages for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

279.    As such, the notices, publications, foreclosures and sales are in breach of the terms of the Mortgage contracts due to Defendants' failure to foreclose and sell in the manner prescribed by, subject to and permitted by "applicable law". Therefore, the foreclosures and sales are void,

63

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 159 of 162 PageID #: 238

invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

280.    The mortgage contracts entered into by the Plaintiffs constitute valid offers.

281.    Upon the Plaintiffs executing those mortgage contracts and giving them to their Lenders/ Mortgagee, their Lenders. Mortgagees accepted those offers.

282.    Alternatively, the Plaintiffs and execution of those mortgage contracts thereby giving security interests in their property to their Lenders/Mortgagees constitute offers.  Acceptance of those offers occurred when Defendants accepted payments made by the Plaintiffs pursuant to their mortgage contracts.

283.    The mortgage contracts were supported by consideration.  The Plaintiffs' payments to Defendants constitutes consideration.

284.    The Plaintiffs, and Defendants thereby formed valid contracts and the Plaintiffs and were, are, and remain ready willing and able to perform under the contract.

285.    Defendants breached the mortgage contracts made with the Plaintiffs by refusing to honor the terms of the mortgage contracts by failing to abide by "applicable law" when foreclosing and conducting mortgagee's foreclosure sales.

286.    There was no compliance with the terms of the mortgages to exercise the statutory power of sales as indicated above.

287.    Due to these failures to comply with the terms of the mortgages, no entity was contractually authorized to exercise the statutory power of sales and notice, publish, foreclose and sell at mortgagee's sale the properties of the Plaintiffs. These actions constitute a breach of contract, and

64

failure to abide by conditions precedent as stated in the mortgages of the Plaintiffs, resulting in damages to the Plaintiffs.

288.    As a result of the Defendants' improper and invalid notices, publications, and exercise of the statutory power of sale and purported foreclosure sale, the Plaintiffs' mortgage loan accounts were charged fees and costs and expenses for illegal servicing fees that were not permitted by applicable law including but not limited too certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

289.    The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Defendants in noticing and seeking to conduct and/or conducting foreclosures and sales without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

290.    The Plaintiffs have also incurred mental and emotional injuries and damages due to the improper foreclose and sale of their properties by Defendants without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

291.    The Plaintiffs have suffered harm and are threatened with additional harm from Defendants breaches, including but not limited to higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

292.    The Defendants breaches of contract and failure to comply with the condition precedent as noted herein above, are the direct cause of the harms alleged herein and not the Plaintiffs' failure to make their mortgage payments.

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

1:21-cv-00002-MSM-PAS     Document 4     Filed 01/04/22     Page 161 of 162 PageID #: 240

293.     Therefore, the Plaintiffs would not have suffered the foreclosure, sale, or the harms as noted herein were it not for the Defendants breach of the mortgage contract and failure to comply with "applicable law" as a conditions precedent as required by the mortgage of the Plaintiffs as noted herein.

294.     The Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

295.     The Plaintiffs are entitled to a declaratory judgment determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of their properties are void due to the Defendants' failure to comply with the condition precedent obligations to notice, foreclose, and sell in a manner prescribed by and permitted by "applicable law", pursuant to the mortgage contracts.

296.     The Plaintiffs are entitled to cancellation of costs and fees assessed to him for wrongful foreclosure, together with additional damages.

297.     The Plaintiffs are entitled to be returned to their status and circumstances prior to the foreclosure, and sale of their properties.

298.     The Plaintiffs are entitled to actual, monetary, punitive and exemplary damages for the loss of use and equity of their properties, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: December 3, 2021

                                        Respectfully Submitted,
                                        The Representative Plaintiffs,
                                        By their Attorney,

66

Case Number: KC-2021-1037
Filed in Kent County Superior Court
Submitted: 12/3/2021 10:06 AM
Envelope: 3398843
Reviewer: Dennis R.

Case 1:22-cv-00002-MSM-PAS    Document 4    Filed 01/04/22    Page 162 of 162 PageID #: 241

/s/ *Todd S. Dion*
Todd S. Dion Esq. (#6852)
15 Cottage Avenue, Suite 101
Quincy, MA 02169
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

67