## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

_____

KAREN M. OCONNOR; JOSEPH INDERLIN; )
ROBERT C. JENCKS; LORI M. KUHN; DORINDA A. )
DUPREE; DOLORES ANN MEANS; CHRISTOPHER )      CA. NO. 1:22-CV-00002
HEON; GLEN BLANCHETTE; JENNIFER M. TERRIAN;)
JAMES P. TERRIAN; JANE CODERRE; SHANNON K. )  AMENDED COMPLAINT
SACCHETTI, LISA DAVIS, THOMAS A. RACZELOWSKI;)
ROGER ALIX; HERBERT A MATTESON; ILYA )
REIKHRUD; DIANNA L. MARRONE AND )
ALLAN A. SPOONER )                             CLASS ACTION
On behalf of themselves and all others so similarly situated,)
)                                              JURY DEMANDED
               *Plaintiffs,* )
      vs. )
)
NATIONSTAR MORTGAGE LLC (nka MR. COOPER; )
FEDERAL NATIONAL MORTGAGE ASSOCIATION; )
FEDERAL HOME LOAN MORTGAGE ASSOCIATION; )
and SECRETARY OF VETERAN AFFAIRS )
)
               *Defendants.* )
_____)

## INTRODUCTION

1.     The Representative Plaintiffs, Karen M. OConnor, Joseph Inderlin, Robert C. Jencks, Lori

M. Kuhn, Dorinda A. Dupree, Dolores Ann Means, Christopher Heon, Glen Blanchette, Jennifer

M. Terrian, James P. Terrian, Jane Coderre, Shannon K. Sacchetti, Lisa Davis, Thomas A.

Raczelowski, Roger Alix, Herbert A. Matteson, Ilya Reikhrud, Dianna L. Marrone and Allan A.

Spooner, on behalf of themselves and all others so similarly situated, bring this class action as

described in the paragraphs set forth herein. The Representative Plaintiffs seek damages and

declaratory judgments that foreclosures and mortgagee's foreclosure sales of the Plaintiffs'

properties by Defendants are void due to Defendants breaches of contract and breaches of

condition precedents to the Statutory Power of Sale for failing to foreclose in a manner prescribed

by "applicable law" by foreclosing and conducting mortgagee's sales in violation of R.I.G.L. § 19-14.11-1.  Said statute and mortgage contracts required that the Defendant first obtain a third-party servicing license with the State of Rhode Island Department of Business Regulation prior to foreclosing on the Representative Plaintiffs' properties.  Representative Plaintiffs further seek damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

2.      The Representative Plaintiffs herein pray this Honorable Court find that the Defendants are in Breach of Contract, declare that foreclosures and mortgagee sales of the Representative Plaintiffs and class members mortgages and properties be declared void, enjoin the Defendants from further wrongful conveyance of Plaintiffs and class members properties, that the Defendants be Ordered to return the Representative Plaintiffs and class members to their status prior to the wrongful foreclosures and sales, including but not limited to, the rescission of all wrongful foreclosures and sales, and award the Plaintiffs and class members damages for the Defendants misconduct.

## JURISDICTION AND VENUE

3.      The events giving rise to the claims stated herein occurred in the District of Rhode Island and this venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391.

4.      Venue is proper in this Honorable Court in that this Court has authority to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. Rule 57.

5.      Pursuant to Fed. R. Civ. P. Rule 23(a)(1), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable.

6.     Pursuant to Fed. R. Civ. P. Rule 23(b)(1), there are questions of law and fact common to the class.

7.     Pursuant to Fed. R. Civ. P. Rule 23(a)(3), the claims or defenses of the Representative Plaintiffs are typical of the claims or defenses of the class.

8.     Pursuant to Fed. R. Civ. P. Rule 23(a)(4), the Representative Plaintiffs will fairly and adequately protect the interests of the class.

9.     Pursuant to Fed. R. Civ. P. Rule 23(b)(1)(A)&(B), prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; and (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications and may substantially impair or impede their ability to protect their interests.

10.     Pursuant to Fed. R. Civ. P. Rule 23(b)(2), the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

11.     Pursuant to Fed. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## **PARTIES**

12.     Representative Plaintiff, Karen M. OConnor, claims to be the rightful owners of 15 Darrow Drive, Warwick, RI 02852 which is one of the "subject properties" referenced herein.  She is located at 4 Wasp Road, North Kingstown, RI 02852.

13.    Representative Plaintiff, Joseph Inderlin, claims to be the rightful owners of 6 Blackcreek Lane, Warwick, RI 02888 which is one of the "subject properties" referenced herein. He is located at 4706 Alexander Valley Dr. #103, Charlotte, NC 28270.

14.    Representative Plaintiff, Robert C. Jencks, claims to be the rightful owners of 29 Tyler Street, Warwick, RI 02888 which is one of the "subject properties" referenced herein. He is located at 79 Haswell Street, Warwick, RI 02889.

15.    Representative Plaintiff, Lori M. Kuhn, claims to be the rightful owners of 7 Bayonne Avenue, Warwick, RI 02889 which is one of the "subject properties" referenced herein. She is located at 59 Coburn Street, Warwick, RI 02889.

16.    Representative Plaintiffs, Dorinda A. Dupree and Dolores Ann Means, claim to be the rightful owners of 78 Calendar Avenue, Newport, RI 02840 which is one of the "subject properties" referenced herein. They are located at 8863 Hinsdale Heights Dr., Polk City, FL 33868.

17.    Representative Plaintiff, Christopher Heon, claims to be the rightful owner of 20 Laforge Drive, Coventry, RI 02816 which is one of the "subject properties" referenced herein. He is located at 1 Waterman Road, Coventry, RI 02816

18.    Representative Plaintiff, Glen Blanchette, claims to be the rightful owner of 27 Green Street, Cumberland, RI 02864 which is one of the "subject properties" referenced herein. He is located at 34 Tower Hill Road, Cumberland, RI 02864.

19.    Representative Plaintiffs, Jennifer M. Terrian and James P. Terrian, claim to be the rightful owners of 24 Juniper Hill Drive, Coventry, RI 02816 which is one of the "subject properties" referenced herein. They are located at 49 Crystal Drive, Warwick, RI 02889.

20.     Representative Plaintiff, Jane Coderre, claims to be the rightful owner of 138 Spring Valley Drive, East Greenwich, RI 02818 which is one of the "subject properties" referenced herein. She is located at PO Box 550, Little Compton, RI 02837.

21.     Representative Plaintiff, Shannon K. Sachetti, claims to be the rightful owner of 165 Grand View Drive, Warwick, RI 02886 which is one of the "subject properties" referenced herein. She is located at PO Box 7882, Warwick, RI 02887.

22.     Representative Plaintiff, Lisa Davis, claims to be the rightful owner of 9 Nimitz Road, East Providence, RI 02916 which is one of the "subject properties" referenced herein. She is located at 9 Arrowhead Lane, South Dartmouth, MA 02748.

23.     Representative Plaintiff, Thomas A. Raczelowski, claims to be the rightful owner of 82 Stern Street, Jamestown, RI 02835, which is one of the "subject properties" referenced herein. He is located at 130 Bay View Drive, Jamestown, RI 02835.

24.     Representative Plaintiff, Roger Alix, claims to be the rightful owner of 363 Arcadia Road, Richmond, RI 02832 which is one of the "subject properties" referenced herein. He is located at 300 Parkview Dr. #19, Pawtucket, RI 02861.

25.     Representative Plaintiff, Herbert A. Matteson, Jr., claims to be the rightful owner of 108 Richmond Townhouse Road, Richmond, RI 02812 which is one of the "subject properties" referenced herein. He is located at PO Box 413, Wyoming, RI 02898.

26.     Representative Plaintiff, Ilya Reikhrud, claims to be the rightful owner of 100 Pine Grove Street, East Providence, RI 02916, which is one of the "subject properties" referenced herein. She is located at 269 Castle Rocks Rd., Warwick, RI 02886.

27.     Representative Plaintiff, Dianna L. Morrone, claims to be the rightful owner of 4 Dean Avenue, Johnston, RI 02919 which is one of the "subject properties" referenced herein.  He is located at 5 Apple Valley Pkwy, Greenville, RI 02828.

28.     Representative Plaintiff, Allan A. Spooner, claims to be the rightful owner of 32 Vine Street, East Providence, RI 02914 which is one of the "subject properties" referenced herein.  He is located at 210 Division St. Apt 14, Pawtucket, RI 02860.

29.     Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper, is a mortgage servicer located at 8950 Cypress Waters Blvd., Coppell, TX 75261.  Nationstar failed to obtain a third-party servicing license and was not permitted by the Applicable Law provisions of Class Plaintiffs' Mortgages to act on behalf of Defendant Fannie Mae in order to notice, publish and invoke the Statutory Power of Sale on the properties of Class Plaintiffs.  Nationstar further was not permitted by applicable law and the mortgage contracts to execute all affidavits and foreclosure deeds of behalf of Fannie Mae.

30.     Defendant, Federal National Mortgage Association claimed to hold the Representative Plaintiffs O'Connor, Inderlin, Jencks, Kuhn, Dupree, Means, Heon, Blanchette, Terrian, Coderre, Sachetti, Davis and Raczelowski's Mortgages and Notes at the time of the invalid and void foreclosure sales.  Fannie Mae employed Nationstar to service and foreclose on the mortgages while knowing or should have known that Nationstar did not have a servicing license in accordance with Rhode Island Law.  Fannie Mae is located at 1100 15th Street, Washington, DC 20005.

31.     Defendant, Federal Home Loan Mortgage Association ("Freddie Mac") claimed to hold the Representative Plaintiffs Alix, Matteson, Reikhrud and Marrone's Note at the time of the invalid and void foreclosure sale.  Freddie Mac employed Nationstar to service, hold  and foreclose on the mortgages while knowing or should have known that Nationstar did not have a servicing

license in accordance with Rhode Island Law. Freddie Mac is located at 8200 Jones Branch Drive, McLean, VA 22102.

32.     Defendant, Secretary of Veteran Affairs ("Secretary of VA") claimed to hold the Representative Plaintiff Spooner's Note at the time of the invalid and void foreclosure sale. Secretary of VA employed Nationstar to service, hold and foreclose on the mortgages while knowing or should have known that Nationstar did not have a servicing license in accordance with Rhode Island Law. Secretary of VA is located at State Capitol Building 3rd Floor, 1100 Bank Street, Richmond, VA 23219.

33.     At all times herein mentioned, Defendants, Nationstar and Fannie Mae, Nationstar and Freddie Mac and Nationstar and Secretary of VA, both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

34.     Defendants, Nationstar and Fannie Mae, Nationstar and Freddie Mac and Nationstar and Secretary of VA, had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts

## ALLEGATIONS OF THE OCONNOR REPRESENTATIVE PLAINTIFF

35.     The OConnor Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

36.     Representative Plaintiff, Karen M. OConnor, claims to be the rightful owner of 15 Darrow Drive, Warwick, RI 02852 which is the "subject property" referenced herein.

37.     On July 17, 2002, the Plaintiff OConnor was conveyed the subject property. The Deed granting the property to Plaintiff was recorded in the City of Warwick Land Evidence Records in Book 4107, at page 239 on July 22, 2002.

38.     On November 18, 2008, Plaintiff OConnor executed a promissory note and mortgage deed in favor of Mortgage Electronic Registration Systems ("MERS") as mortgagee and Flagstar Bank as lender. ("OConnor Mortgage/Note"). The OConnor Mortgage was recorded in the City of Warwick Land Evidence Records in Book 7030, at page 131 on April 3, 2009.

39.     The OConnor Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

40. On June 6, 2013, MERS purportedly assigned the subject mortgage to Defendant, Fannie Mae. Said purported "Assignment of Mortgage" was recorded in the City of Warwick Land Evidence Records in Book 7979 Page 94 on June 17, 2013.

41. Nationstar became the servicer of the OConnor Mortgage on or about 2012.

42. On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

43. Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

44. On or about May 11, 2017, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff OConnor a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of July 25, 2017. Nationstar also caused to published said notice on July 4, 2017, July 11, 2017 and July 18, 2017.

45.     The Plaintiff OConnor alleges that from July 1, 2015 through August 29, 2017, including on May 11, 2017 through August 7, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

46.     The Plaintiff OConnor alleges that on July 25, 2017, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the OConnor Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

47.     The Plaintiff OConnor alleges, that on July 27, 2017, Nationstar executed an Affidavit pursuant to R.I.G.L. 34-27-4(c) and a Foreclosure Deed for Fannie Mae granting the property to Fannie Mae. The Foreclosure Deed was recorded on August 7, 2017 in the City of Warwick Land Evidence Records in Book 8874 at Page 124. Such action is were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

48.     The OConnor Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Oconnor Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

and the property secured by the Oconnor Mortgage can only be sold in a manner prescribed by and subject to """applicable law""".

49.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by """applicable law""", thus breaching the OConnor Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

50.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the OConnor Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to """applicable law""". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

51.    The OConnor Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

52.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Oconnor for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere

## ALLEGATIONS OF THE REPRESENTATIVE INDERLIN PLAINTIFF

53.     The Representative Plaintiff Inderlin repeats and re-alleges every allegation above as if set forth herein in full.

54.     Representative Plaintiff, Joseph Inderlin, claims to be the rightful owner of 6 Blackcreek Lane, Warwick, RI 02888 which is the "subject property" referenced herein.

55.     On or about August 31, 1995, Plaintiff Inderlin was conveyed the subject property. The Deed granting the property to Plaintiff Indelin was recorded in the City of Warwick Land Evidence Records Book 2418 at Page 150 on August 31, 1995.

56.     On May 8, 2006, Plaintiff Inderlin executed a promissory note and mortgage deed in the sum of Two Hundred Ninty-One Thousand Dollars ($291,000.00) in favor of GMAC Mortgage Corp as lender and MERS as mortgagee. ("Inderlin Mortgage/Note"). The Inderlin Mortgage was recorded in the City of Warwick Land Evidence Records in Book 6193 at page 124 on May 30, 2006.

57.     The Inderlin Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

58.     On March 22, 2013, Nationstar purportedly assigned the subject mortgage to Fannie Mae.

Said purported "Assignment of Mortgage" was recorded in the City of Warwick  Land Evidence

Records in Book 7932 Page 272 on April 11, 2013.

59.     Nationstar became the servicer of the Inderlin Mortgage on or about 2012.

60.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

61.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

62.     On or about February 24, 2016, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to Inderlin a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of April 19, 2016.  Nationstar also caused to published said notice on March 29, 2016, April 5, 2016 and April 12, 2016.

63.     The Inderlin Plaintiff alleges that from July 1, 2015 through August 29, 2017, including on February 24, 2016 through May 25, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

64.     The Inderlin Plaintiff alleges, that on April 19, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Inderlin Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

65.     The Inderlin Plaintiff alleges, that on April 28, 2016, Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on May 25, 2016 in the City of Warwick Land Evidence Records in Book 8585 at Page 34.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

66.     The Inderlin Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Inderlin Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY

POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Inderlin Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

67. As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Inderlin Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

68. As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Inderlin Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

69. The Inderlin Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

70.     The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Inderlin for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.

## ALLEGATIONS OF THE REPRESENTATIVE PLAINTIFF JENCKS

71.     The Representative Plaintiff Jencks repeats and re-alleges every allegation above as if set forth herein in full.

72.     Representative Plaintiff, Robert C. Jencks, claims to be the rightful owner of 29 Tyler Street, Warwick, RI 02888 which is one of the "subject properties" referenced herein.

73.     On June 30, 2005, Plaintiff Jencks was conveyed the subject property. The Deed granting the property to Plaintiff was recorded in the City of Warwick Land Evidence Records in Book 5771 at Page 253 on June 30, 2005.

74.     On July 24, 2006, Plaintiff Jencks executed a promissory note and mortgage deed in favor of America's Wholesale Lender as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Jencks Mortgage/Note"). The Jencks Mortgage was recorded in the City of Warwick Land Evidence Records in Book 6272, at page 22 on August 2, 2006.

75.     The Jencks Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing

the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

76.     On April 27, 2009, MERS purportedly assigned the subject mortgage to Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the City of Warwick Land Evidence Records in Book 7051 Page 55 on May 5, 2009.

77.     Nationstar became the servicer of the Jencks Mortgage prior to 2013.

78.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. –  (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

79.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

80. On or about June 22, 2015, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of August 12, 2015. Nationstar also caused to published said notice on July 22, 2015, July 29, 2015 and August 5, 2015.

81. The Plaintiff Jencks alleges that from July 1, 2015 through September 28, 2017, including on July 22, 2015 through October 22, 2015, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

82. The Plaintiff Jencks alleges, that on August 12, 2015, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Jencks Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

83. The Plaintiff Jencks alleges, that on August 26, 2015 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae. The Foreclosure Deed was recorded on October 22, 2015 in the City of Warwick Land Evidence Records in Book 8463 at Page 285. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

84. The Plaintiff Jencks also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Jencks Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY

POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Jencks Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

85.     As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Jencks Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

86.     As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Jencks Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

87.     The Jencks Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

88.     The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Jencks for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.

## ALLEGATIONS OF THE KUHN REPRESENTATIVE PLAINTIFF

89.     The Kuhn Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

90.     Representative Plaintiff, Scott S. Kuhn, claims to be the rightful owner of 7 Bayonne Avenue, Warwick, RI 02889 which is the "subject property" referenced herein.

91.     On April 26, 2007, Plaintiff Kuhn was conveyed the subject property. The Deed granting the property to Plaintiff Kuhn was recorded in the City of Warwick Land Evidence Records in Book 6562, at page 226 on May 11, 2007.

92.     On May 11, 2007, Plaintiff Kuhn executed a promissory note and mortgage deed in the sum of Two Hundred Thirty Thousand Dollars ($230,000.00) in favor of Indymac Bank as lender and MERS as mortgagee. ("Kuhn Mortgage/Note"). The Kuhn Mortgage was recorded in the City of Warwick Land Evidence Records in Book 6562, at page 229 on May 11, 2007.

93.     The Kuhn Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law.</u> Lender shall be entitled to collect all expenses incurred in pursuing

the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

94.     On March 30, 2016, Nationstar purportedly assigned the subject mortgage to Defendant

Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the City of Warwick

Land Evidence Records in Book 8555 Page 211 on April 4, 2016.

95.     Nationstar became the servicer of the Kuhn Mortgage prior to 2016.

96.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

97.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

98.    On or about September 22, 2016, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff Kuhn a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of November 15, 2016. Nationstar also caused to published said notice on October 25, 2016, November 1, 2016 and November 8, 2016.

99.    The Plaintiff Kuhn alleges that from July 1, 2015 through August 29, 2017, including on September 22, 2016 through December 15, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

100.    The Plaintiff Kuhn alleges, that on November 15, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Kuhn Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

101.    The Plaintiff Kuhn alleges, that on November 23, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on December 15, 2016 in the City of Warwick Land Evidence Records in Book 8724 at Page 92.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

102.    The Plaintiff Kuhn also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Kuhn Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY

POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Kuhn Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Kuhn Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

103.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Kuhn Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

104.    The Kuhn Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

105.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Kuhn for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere

## ALLEGATIONS OF THE DUPREE/MEANS REPRESENTATIVE PLAINTIFFS

106.    The Plaintiffs Dupree/Means repeat and re-allege every allegation above as if set forth herein in full.

107.    Plaintiffs, Dorinda A. Dupree and Dolores Ann Means, claim to be the rightful owners of 78 Calendar Avenue, Newport, RI 02840 which is the "subject property" referenced herein.

108.    On December 8, 2006, Plaintiffs were conveyed the subject property. The Deed granting the property to Plaintiffs Dupree/Means was recorded in the City of Newport Land Evidence Records in Book 1807, at page 306 on December 12, 2006.

109.    On May 22, 2007, Plaintiffs Dupree/Means executed a promissory note and mortgage deed in the sum of Three Hundred and Sixty-Five Thousand, Five Hundred Dollars ($365,500.00) in favor of First Magnus Financial Corporation as lender and MERS as mortgagee. ("Dupree/Means Mortgage/Note"). The Dupree/Means Mortgage was recorded in the City of Newport Land Evidence Records in Book 1856, at page 120 on May 29, 2007.

110.    The Dupree/Means Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may

invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

111.    On April 17, 2014, MERS purportedly assigned the subject mortgage to Defendant Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the City of Newport  Land Evidence Records in Book 2431 Page 94 on April 25, 2014.

112.    Nationstar became the servicer of the Kuhn Mortgage prior to 2014.

113.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. –  (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

114.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be

required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

115.     On or about May 7, 2016, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiffs Dupree/Means a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of June 28, 2016. Nationstar also caused to published said notice on June 7, 2016, June 14, 2016 and June 21, 2016.

116.     The Plaintiffs Dupree/Means allege that from July 1, 2015 through August 29, 2017, including on May 7, 2016 through August 19, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

117.     The Plaintiffs Dupree/Means allege, that on June 28, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Dupree/Means Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

118.     The Plaintiffs Dupree/Means allege, that on August 5, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on August 19, 2016 in the City of Newport Land Evidence Records in Book 2608 at Page 99.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

119.    The Plaintiffs Dupree/Means also allege, that the foreclosure and sale are in breach of paragraph 22 of the Dupree/Means Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Dupree/Means Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Dupree/Means Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

120.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Dupree/Means Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

121.    The Dupree/Means Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032

WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

122.     The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiffs Dupree/Means for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere

## **ALLEGATIONS OF THE HEON REPRESENTATIVE PLAINTIFF**

123.     The Plaintiff Heon repeats and re-alleges every allegation above as if set forth herein in full.

124.     Representative Plaintiff, Christopher Heon, claims to be the rightful owner of 20 Laforge Drive, Coventry, RI 02816 which is the "subject property" referenced herein.

125.     On August 17, 2000, Plaintiff Heon was conveyed the subject property. The Deed granting the property to Plaintiff Heon was recorded in the Town of Coventry Land Evidence Records in Book 903 at Page 221 on August 18, 2000.

126.     On May 24, 2005, Plaintiff Heon executed a promissory note and mortgage deed in the sum of Two Hundred Thirty-Two Thousand Dollars ($232,000.00) in favor of Countrywide Home Loans, Inc. as lender and MERS as mortgagee. ("Heon Mortgage/Note"). The Heon Mortgage was recorded in the Town of Coventry Land Evidence Records in Book 1668 at page 58 on May 25, 2005.

127.     The Heon Mortgage states at Paragraph 22 as follows:

   22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a

court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

128. On September 16, 2014, the subject mortgage was purportedly assigned to Fannie Mae. Said purported "Assignment of Mortgage" was recorded in the Town of Coventry Land Evidence Records in Book 1993 Page 866 on September 23, 2014.

129. On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

130. Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each

violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

131.    On or about July 17, 2017, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of September 6, 2017.  Nationstar also caused to published said notice on August 16, 2017, August 23, 2017 and August 30, 2017.

132.    The Plaintiff Heon alleges that from July 1, 2015 through August 29, 2017, including on July 16, 2017 through August 23, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

133.    The Plaintiff Heon alleges, that on September 6, 2017, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Heon Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

134.    The Plaintiffs Heon allege, that on September 18, 2017, Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on October 20, 2017 in the Town of Coventry Land Evidence Records in Book 2085 at Page 308.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26,  and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

135.    The Plaintiff Heon alleges, that the foreclosure and sale are in breach of paragraph 22 of the Heon Mortgage, which requires that, "…[the Lender] may invoke THE STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Heon Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

136.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Heon Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

137.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Heon Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

138.    The Heon Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See.

<u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

139.     The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Heon for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere

## **ALLEGATIONS OF THE BLANCHETTE REPRESENTATIVE PLAINTIFF**

140.     The Plaintiff Blanchette repeats and re-alleges every allegation above as if set forth herein in full.

141.     Plaintiff, Glen Blanchette, claims to be the rightful owner of 27 Green Street, Cumberland, RI 02864 which is the "subject property" referenced herein.

142.     On June 22, 2007, Plaintiff Blanchette was conveyed the subject property. The Deed granting the property to Plaintiff was recorded in the Town of Cumberland Land Evidence Records in Book 1391, at page 479 on July 17, 2007.

143.     On December 21, 2007, Plaintiff Blanchette executed a promissory note and mortgage deed in favor of Nationstar Mortgage LLC as lender and mortgagee. ("Blanchette Mortgage/Note"). The Blanchette Mortgage was recorded in the Town of Cumberland Land Evidence Records in Book 1411, at page 546 on January 16, 2008.

144.     The Blanchette Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date

specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

145.    On January 24, 2014, Nationstar purportedly assigned the subject mortgage to Defendant Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the Town of Cumberland Land Evidence Records in Book 1640 Page 227 on January 31, 2014.

146.    Nationstar became the servicer of the Blanchette Mortgage prior to 2014.

147.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

148.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each

33

violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

149.    On or about May 9, 2016, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of June 30, 2015. Nationstar also caused to published said notice on June 9, 2016, June 16, 2016 and June 23, 2016.

150.    The Plaintiff Blanchette alleges that from July 1, 2015 through August 29, 2017, including on May 9, 2016 through August 22, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

151.    The Plaintiff Blanchette alleges, that on June 30, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Blanchette Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

152.    The Plaintiff Blanchette alleges that on July 15, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on August 22, 2016 in the Town of Cumberland Land Evidence Records in Book 1719 at Page 830.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

153.    The Plaintiff Blanchette also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Blanchette Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Blanchette Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Blanchette Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

154.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Blanchette Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

155.    The Blanchette Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

156.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Blanchette for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere

## ALLEGATIONS OF THE TERRIAN REPRESENTATIVE PLAINTIFFS

157.    The Plaintiffs Terrian repeat and re-allege every allegation above as if set forth herein in full.

158.    Plaintiffs, Jennifer M. Terrian and James P. Terrian, claims to be the rightful owner of 24 Juniper Hill Drive, Coventry, RI 02816 which is one of the "subject properties" referenced herein.

159.    On September 11, 2006, Plaintiffs Terrian were conveyed the subject property. The Deed granting the property to Plaintiffs Terrian was recorded in the Town of Coventry Land Evidence Records in Book 1738, at page 614 on September 12, 2016.

160.    On September 11, 2006, Plaintiffs Terrian executed a promissory note and mortgage deed in the sum of Three Hundred and Eight Thousand Dollars ($308,000.00) in favor of Countrywide Home Loans, Inc. as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Terrian Mortgage/Note"). The Terrian Mortgage was recorded in the Town of Coventry  Land Evidence Records in Book 1738, at page 616 on September 12, 2006.

161.    The Terrian Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may

invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

162.    On September 29, 2010, MERS purportedly assigned the subject mortgage to Defendant Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the Town of Coventry Land Evidence Records in Book 1875 Page 975 on October 6, 2010.

163.    Nationstar became the servicer of the Terrian Mortgage prior to 2015.

164.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

165.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be

required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

166.   On or about August 30, 2015, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of October 21, 2015.  Nationstar also caused to published said notice on September 30, 2015, October 7, 2015 and October 14, 2015.

167.   The Plaintiffs Terrian allege that from July 1, 2015 through August 29, 2017, including on August 30, 2015 through November 17, 2015, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

168.   The Plaintiffs Terrian allege, that on October 21, 2015, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Terrian Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

169.   The Plaintiffs Terrian allege, that on November 17, 2015 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on September 2, 2017 in the Town of Coventry Land Evidence Records in Book 2049 at Page 598.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

170.    The Plaintiffs Terrian also allege, that the foreclosure and sale are in breach of paragraph 22 of the Terrian Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."   As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Terrian Mortgage can only be sold in a manner prescribed by and subject to ""applicable law".   As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Terrian Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

171.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Terrian Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

172.    The Terrian Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

173.	The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiffs Terrian for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.

**ALLEGATIONS OF THE CODERRE REPRESENTATIVE PLAINTIFF**

174.	The Plaintiff Coderre repeats and re-alleges every allegation above as if set forth herein in full.

175.	Representative Plaintiff, Jason Coderre, claims to be the rightful owner of 138 Spring Valley Drive, East Greenwich, RI 02818 which is the "subject property" referenced herein.

176.	On July 3, 2000, Plaintiff Coderre was conveyed the subject property. The Deed granting the property to Plaintiff Coderre was recorded in the Town of East Greenwich Land Evidence Records in Book 682, at page 147 on July 3, 2000.

177.	On March 26, 2004, Plaintiff executed a promissory note and mortgage deed in favor of First Guarantee Mortgage LLC as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Coderre Mortgage/Note"). The Coderre Mortgage was recorded in the Town of East Greenwich Land Evidence Records in Book 682, at page 147 on April 27, 2004.

178.	The Coderre Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing

the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

179.    On October 31, 2013, the Coderre Mortgage was purportedly assigned to Defendant Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the Town of East Greenwich Land Evidence Records in Book 1235 Page 90 on November 22, 2013.

180.    Nationstar became the servicer of the Coderre Mortgage prior to 2015.

181.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

182.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

183.     On or about December 9, 2015, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff Coderre a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of January 29, 2016. Nationstar also caused to published said notice on January 8, 2016, January 15, 2016 and January 22, 2016.

184.     The Plaintiff Coderre alleges that from July 1, 2015 through August 29, 2017, including on December 9, 2015 through March 4, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

185.     The Plaintiff Coderre alleges, that on January 29, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Coderre Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

186.     The Plaintiff Coderre alleges, that on February 12, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae. The Foreclosure Deed was recorded on March 4, 2016 in the Town of East Greenwich Land Evidence Records in Book 1314 at Page 228. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

187.     The Plaintiff Coderre also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Coderre Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY

POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Coderre Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Coderre Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

188.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Coderre Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

189.    The Coderre Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

190. The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Coderre for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.

## ALLEGATIONS OF THE SACCHETTI REPRESENTATIVE PLAINTIFF

191. The Plaintiff Sacchetti repeats and re-alleges every allegation above as if set forth herein in full.

192. Representative Plaintiff, Shannon K. Sacchetti, claims to be the rightful owner of 165 Grand View Drive, Warwick, RI 02886 which is the "subject property" referenced herein.

193. On October 14, 2005, Plaintiff Sacchetti was conveyed the subject property. The Deed granting the property to Plaintiff Coderre was recorded in the City of Warwick Land Evidence Records in Book 5934, at page 61 on October 19, 2005.

194. On November 26, 2012, Plaintiff executed a promissory note and mortgage deed in favor of American Financial Resources, Inc. as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Sacchetti Mortgage/Note"). The Sacchetti Mortgage was recorded in the City of Warwick Land Evidence Records in Book 7840, at page 161 on November 30, 2012.

195. The Sacchetti Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing

the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

196.    On November 15, 2016, the Sacchetti Mortgage was purportedly assigned to Defendant Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the City of Warwick Land Evidence Records in Book 8705 Page 198 on November 17, 2016.

197.    Nationstar became the servicer of the Coderre Mortgage prior to 2015.

198.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

199.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

200.     On or about April 24, 2017, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff Sacchetti a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of June 20, 2017.  Nationstar also caused to published said notice on May 30, 2017, June 6, 2017 and June 13, 2017.

201.     The Plaintiff Sacchetti alleges that from July 1, 2015 through August 29, 2017, including on April 24, 2017 through July 24, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

202.     The Plaintiff Sacchetti alleges, that on June 20, 2017, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Sachetti Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

203.     The Plaintiff Sacchetti alleges, that on June 23, 2017 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on July 24, 2017 in the City of Cranston Land Evidence Records in Book 8863 at Page 188.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

204.     The Plaintiff Sacchetti also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Sachetti Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY

POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Sachetti Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Sachetti Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

205.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Sachetti Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

206.    The Sachetti Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

207.     The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Sachetti for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere

### ALLEGATIONS OF THE DAVIS REPRESENTATIVE PLAINTIFF

208.     The Plaintiff Davis repeats and re-alleges every allegation above as if set forth herein in full.

209.     Representative Plaintiff, Lisa Davis, claims to be the rightful owner of 9 Nimitz Road, East Providence, RI 02916 which is the "subject property" referenced herein.

210.     On June 25, 2007, Plaintiff Davis was conveyed the subject property. The Deed granting the property to Plaintiff Davis was recorded in the City of East Providence Land Evidence Records in Book 2854, at page 219 on July 2, 2007.

211.     On June 25, 2007, Plaintiff executed a promissory note and mortgage deed in favor of Countrywide Home Loans Inc. as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Davis Mortgage/Note"). The Davis Mortgage was recorded in the City of East Providence Land Evidence Records in Book 2854, at page 221 on July 2, 2007.

212.     The Davis Mortgage states at Paragraph 22 as follows:

   22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing

the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

213.  On February 10, 2010, the subject mortgage was purportedly assigned the Davis Mortgage to Defendant Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the City of East Providence Land Evidence Records in Book 3140 Page 161 on February 26, 2010.

214.  Nationstar became the servicer of the Davis Mortgage prior to 2015.

215.  On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

216.  Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

217.    On or about January 16, 2016, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff Davis a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of March 9, 2016.  Nationstar also caused to published said notice on February 17, 2016, February 24, 2016 and March 2, 2016.

218.    The Plaintiff Davis alleges that from July 1, 2015 through August 29, 2017, including on January 16, 2016 through April 29, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

219.    The Plaintiff Davis alleges, that on March 9, 2016, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Davis Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

220.    The Plaintiff Davis alleges, that on April 21, 2016 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on April 29, 2016 in the City of East Providence Land Evidence Records in Book 3774 at Page 192.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

221.    The Plaintiff Davis also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Davis Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY

POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Davis Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Davis Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

222.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Davis Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

223.    The Davis Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

224.   The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Davis for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere

## ALLEGATIONS OF THE RACZELOWSKI REPRESENTATIVE PLAINTIFF

225.   The Plaintiff Raczelowski repeats and re-alleges every allegation above as if set forth herein in full.

226.   Representative Plaintiff, Thomas A. Raczelowski, claims to be the rightful owner of 81 Stern Street, Jamestown, RI 02835, which is the "subject property" referenced herein.

227.   On July 8, 2003, Plaintiff Raczelowski was conveyed the subject property. The Deed granting the property to Plaintiff Raczelowski was recorded in the Town of Jamestown Land Evidence Records in Book 486, at page 258 on July 14, 2003.

228.   On July 8, 2003, Plaintiff Raczelowski executed a promissory note and mortgage deed in favor of NE Moves Mortgage Corporation as lender and as mortgagee. ("Raczelowski Mortgage/Note"). The Raczelowski Mortgage was recorded in the Town of Jamestown Land Evidence Records in Book 486, at page 259 on July 14, 2003.

229.   The Raczelowski Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law.</u> Lender shall be entitled to collect all expenses incurred in pursuing

the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

230.    On April 14, 2015, the subject mortgage was purportedly assigned the Raczelowski Mortgage to Defendant Fannie Mae.  Said purported "Assignment of Mortgage" was recorded in the Town of Jamestown Land Evidence Records in Book 843 Page 23 on April 29, 2015.

231.    Nationstar became the servicer of the Davis Mortgage prior to 2015.

232.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

233.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

234.    On or about July 15, 2015, Nationstar, acting as third-party servicer on behalf of Fannie Mae, caused to be sent to the Plaintiff Raczelowski a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of August 5, 2015.  Nationstar also caused to published said notice on July 22, 2015 and July 29, 2015.

235.    The Plaintiff Raczelowski alleges that from July 1, 2015 through August 29, 2017, including on July 15, 2015 through November 5, 2015, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

236.    The Plaintiff Raczelowski alleges, that on August 5, 2015, Nationstar, acting as third-party mortgage servicer for Fannie Mae foreclosed the Raczelowski Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

237.    The Plaintiff Raczelowski alleges, that on August 18, 2015 Nationstar executed a Foreclosure Deed as attorney in fact for Fannie Mae granting the property to Fannie Mae.  The Foreclosure Deed was recorded on November 5, 2015 in the Town of Jamestown Land Evidence Records in Book 855 at Page 278.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

238.    The Plaintiff Raczelowski also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Raczelowski Mortgage, which requires that, "…[the Lender] may invoke the

STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…"
(Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken
by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable
law"" and the property secured by the Raczelowski Mortgage can only be sold in a manner
prescribed by and subject to ""applicable law"". As all actions of Nationstar in foreclosing and
conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to
prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie
Mae failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner
subject to and prescribed by ""applicable law"", thus breaching the Raczelowski Mortgage and
for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

239.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph
22 of the Raczelowski Mortgage contract due to Defendants' failure to foreclose and sell in the
manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are
void, invalid, and without force or effect, for Defendants' failure to comply with conditions
precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing
Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)).
(See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

240.    The Raczelowski Plaintiff and members of the class are entitled to damages for the
untimely loss of their property that was caused by the Defendant's failure to comply with
applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032
WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May
25, 2021).

241. The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Raczelowski for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.

## ALLEGATIONS OF THE ALIX REPRESENTATIVE PLAINTIFF

242. The Plaintiff Alix repeats and re-alleges every allegation above as if set forth herein in full.

243. Representative Plaintiff, Roger Alix, claims to be the rightful owner of 363 Arcadia Road, Richmond, RI 02832, which is the "subject property" referenced herein.

244. On December 24, 1998, Plaintiff Alix was conveyed the subject property. The Deed granting the property to Plaintiff Alix was recorded in the Town of Richmond Land Evidence Records in Book 123, at page 376 on December 24, 1998.

245. On December 24, 2006, Plaintiff executed a promissory note and mortgage deed in favor of First Magnus Financial Corporation as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Alix Mortgage/Note"). The Alix Mortgage was recorded in the Town of Richmond Land Evidence Records in Book 233, at page 535 on January 4, 2007.

246. The Alix Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

247.    On December 13, 2013, the subject mortgage was purportedly assigned to Nationstar. Said purported "Assignment of Mortgage" was recorded in the Town of Richmond Land Evidence Records in Book 3140 Page 161 on February 26, 2010.

248.    At all relevant times Nationstar was the servicer of the Alix Mortgage on behalf of the noteholder, Freddie Mac.

249.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

250.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

251.     On or about May 15, 2015, Nationstar, acting as third-party servicer on behalf of Freddie

Mac, caused to be sent to the Plaintiff Alix a Notice of Mortgagee Foreclosure Sale. Said Notice

of Mortgagee Foreclosure Sale stated a sale date of July 8, 2015.  Nationstar also caused to

published said notice on June 17, 2015.

252.     The Plaintiff Alix alleges that from July 1, 2015 through August 29, 2017, including on

May 15, 2015 through August 13, 2015, Nationstar was not a licensed third-party servicer in the

State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

253.     The Plaintiff Alix alleges, that on July 8, 2015, Nationstar, acting as third-party mortgage

servicer for Freddie Mac foreclosed the Alix Mortgage and sold the subject property at

mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to

prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and

without force and effect, for Defendants' failure to comply with conditions precedent prior to

exercising the Statutory Power of Sale

254.     The Plaintiff Alix alleges, that on July 20, 2015 Nationstar executed a Foreclosure Deed

granting the property to Freddie Mac.  The Foreclosure Deed was recorded on August 13, 2015 in

the Town of Richmond Land Evidence Records in Book 298 at Page 961.  Such actions were

violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to

R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of

Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants'

failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

255.     The Plaintiff Alix also alleges, that the foreclosure and sale are in breach of paragraph 22

of the Alix Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY

POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis

Added."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Alix Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Freddie Mac failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Alix Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

256.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Alix Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

257.    The Alix Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

258.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Alix for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.

## ALLEGATIONS OF THE MATTESON REPRESENTATIVE PLAINTIFF

259.    The Plaintiff Matteson repeats and re-alleges every allegation above as if set forth herein in full.

260.    Representative Plaintiff, Herbert A. Matteson, claims to be the rightful owner of 105 Richmond Townhouse Road, Richmond, RI 02812, which is the "subject property" referenced herein.

261.    On December 30, 1994, Plaintiff Matteson was conveyed the subject property. The Deed granting the property to Plaintiff Matteson was recorded in the Town of Richmond Land Evidence Records in Book 98, at page 113 on December 30, 1994.

262.    On February 22, 2007, Plaintiff executed a promissory note and mortgage deed in favor of Bank of America, N.A. as lender and as mortgagee. ("Matteson Mortgage/Note"). The Matteson Mortgage was recorded in the Town of Richmond Land Evidence Records in Book 235, at page 306 on March 7, 2007.

263.    The Matteson Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

264.    On January 8, 2013, the subject mortgage was purportedly assigned to Nationstar.  Said purported "Assignment of Mortgage" was recorded in the Town of Richmond Land Evidence Records in Book 281 Page 124 on January 8, 2013.

265.    At all relevant times Nationstar was the servicer of the Matteson Mortgage on behalf of the noteholder, Freddie Mac.

266.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. –  (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

267.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

268.     On or about January 8, 2016, Nationstar, acting as third-party servicer on behalf of Freddie Mac, caused to be sent to the Plaintiff Matteson a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of March 2, 2016.  Nationstar also caused to published said notice on February 8, 2016, February 15, 2016 and February 22, 2016.

269.     The Plaintiff Matteson alleges that from July 1, 2015 through August 29, 2017, including on January 8, 2016 through September 22, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

270.     The Plaintiff Matteson alleges, that on March 2, 2016, Nationstar, acting as third-party mortgage servicer for Freddie Mac foreclosed the Matteson Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

271.     The Plaintiff Matteson alleges, that on March 30, 2016 Nationstar executed a Foreclosure Deed granting the property to Freddie Mac.  The Foreclosure Deed was recorded on September 22, 2016 in the Town of Richmond Land Evidence Records in Book 306 at Page 849.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

272.     The Plaintiff Matteson also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Matteson Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY

POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Matteson Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Freddie Mac failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Matteson Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

273.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Matteson Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

274.    The Matteson Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

275.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Matteson for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.

## ALLEGATIONS OF THE REIKHRUD REPRESENTATIVE PLAINTIFF

276.    The Plaintiff Reikhrud repeats and re-alleges every allegation above as if set forth herein in full.

277.    Representative Plaintiff, Ilya Reikhrud, claims to be the rightful owner of 100 Pine Grove St., East Providence, RI 02916, which is the "subject property" referenced herein.

278.    On December 13, 2006, Plaintiff Reikhrud was conveyed the subject property. The Deed granting the property to Plaintiff Reikhrud was recorded in the City of East Providence Land Evidence Records in Book 2772, at page 66 on December 14, 2006.

279.    On December 13, 2006, Plaintiff executed a promissory note and mortgage deed in favor of Aegis Wholesale Corporation as lender and MERS as mortgagee. ("Reikhrud Mortgage/Note"). The Reikhrud Mortgage was recorded in the City of East Providence Land Evidence Records in Book 2772, at page 68 on December 14, 2006.

280.    The Reikhrud Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing

the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

281.    On January 2, 2013, the subject mortgage was purportedly assigned to Nationstar.  Said

purported "Assignment of Mortgage" was recorded in the City of East Providence Land Evidence

Records in Book 3446 Page 172 on March 22, 2013.

282.    At all relevant times Nationstar was the servicer of the Reikhrud Mortgage on behalf of the

noteholder, Freddie Mac.

283.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

284.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be

required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

285.    On or about August 9, 2016, Nationstar, acting as third-party servicer on behalf of Freddie Mac, caused to be sent to the Plaintiff Reikhrud a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of October 17, 2016.  Nationstar also caused to published said notice on September 23, 2016, September 30, 2016 and October 7, 2016.

286.    The Plaintiff Reikhrud alleges that from July 1, 2015 through August 29, 2017, including on August 9, 2016 through December 21, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

287.    The Plaintiff Reikhrud alleges, that on October 17, 2016, Nationstar, acting as third-party mortgage servicer for Freddie Mac foreclosed the Reikhrud Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

288.    The Plaintiff Reikhrud alleges, that on November 29, 2016 Nationstar executed a Foreclosure Deed granting the property to Freddie Mac.  The Foreclosure Deed was recorded on December 21, 2016 in the City of East Providence Land Evidence Records in Book 3856 at Page 234.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

289.    The Plaintiff Reikhrud also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Reikhrud Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."   As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Reikhrud Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".   As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Freddie Mac failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Reikhrud Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

290.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Reikhrud Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

291.    The Reikhrud Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

292.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Reikhrud for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.

## ALLEGATIONS OF THE MARRONE REPRESENTATIVE PLAINTIFF

293.    The Plaintiff Marrone repeats and re-alleges every allegation above as if set forth herein in full.

294.    Representative Plaintiff, Dianna L. Marrone, claims to be the rightful owner of 4 Dean Avenue, Johnston, RI 02919 which is the "subject property" referenced herein.

295.    On September 27, 2000, Plaintiff Marrone was conveyed the subject property. The Deed granting the property to Plaintiff Marrone was recorded in the Town of Johnston Land Evidence Records in Book 846, at page 233 on September 27, 2000.

296.    On May 18, 2007, Plaintiff executed a promissory note and mortgage deed in favor of First Magnus Financial Corporation as lender and MERS as mortgagee. ("Marrone Mortgage/Note"). The Marrone Mortgage was recorded in the Town of Johnston Land Evidence Records in Book 1832, at page 230 on May 23, 2007.

297.    The Marrone Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing

the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

298.    On March 10, 2015, the subject mortgage was purportedly assigned to Nationstar. Said purported "Assignment of Mortgage" was recorded in the Town of Johnston Land Evidence Records in Book 2427 Page 48 on April 9, 2015.

299.    At all relevant times Nationstar was the servicer of the Marrone Mortgage on behalf of the noteholder, Freddie Mac.

300.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

301.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be

required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

302.     On or about October 25, 2015, Nationstar, acting as third-party servicer on behalf of Freddie Mac, caused to be sent to the Plaintiff Marrone a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of November 25, 2015. Nationstar also caused to published said notice on November 4, 2015, November 11, 2015 and November 18, 2015.

303.     The Plaintiff Marrone alleges that from July 1, 2015 through August 29, 2017, including on October 25, 2015 through February 10, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

304.     The Plaintiff Marrone alleges, that on November 25, 2015, Nationstar, acting as third-party mortgage servicer for Freddie Mac foreclosed the Marrone Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

305.     The Plaintiff Marrone alleges, that on February 4, 2016 Nationstar executed a Foreclosure Deed granting the property to Freddie Mac. The Foreclosure Deed was recorded on February 10, 2016 in the Town of Johnston Land Evidence Records in Book 2483 at Page 236. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

306.    The Plaintiff Marrone also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Marrone Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Marrone Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Freddie Mac failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Marrone Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

307.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Marrone Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

308.    The Marrone Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

309.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Plaintiff Marrone for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.

## ALLEGATIONS OF THE SPOONER REPRESENTATIVE PLAINTIFF

310.    The Plaintiff Spooner repeats and re-alleges every allegation above as if set forth herein in full.

311.    Representative Plaintiff, Allan A. Spooner, claims to be the rightful owner of 32 Vine Street, East Providence, RI 02916 which is the "subject property" referenced herein.

312.    On July 15, 2010, Plaintiff Spooner was conveyed the subject property. The Deed granting the property to Plaintiff Spooner was recorded in the City of East Providence Land Evidence Records in Book 3174, at page 98 on July 16, 2010.

313.    On July 15, 2010, Plaintiff executed a promissory note and mortgage deed in favor of Sierra Pacific Mortgage Corporation. as lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee. ("Spooner Mortgage/Note"). The Spooner Mortgage was recorded in the City of East Providence Land Evidence Records in Book 3174, at page 99 on July 16, 2010.

314.    The Spooner Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing

the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

315.    On July 14, 2016, the subject mortgage was purportedly assigned the Spooner Mortgage to Defendant Nationstar.  Said purported "Assignment of Mortgage" was recorded in the City of East Providence Land Evidence Records in Book 3818 Page 250 on September 1, 2016.

316.    At all relevant times Nationstar was the servicer of the Spooner Mortgage on behalf of the noteholder, Secretary of Veteran Affairs.

317.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

318.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be

required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

319.    On or about December 10, 2016, Nationstar, acting as third-party servicer on behalf of Secretary of VA, caused to be sent to the Plaintiff Spooner a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of February 1, 2017.  Nationstar also caused to published said notice on January 11, 2017, January 18, 2017 and January 25, 2017.

320.    The Plaintiff Spooner alleges that from July 1, 2015 through August 29, 2017, including on December 10, 2016 through March 9, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

321.    The Plaintiff Spooner alleges, that on February 1, 2017, Nationstar, acting as third-party mortgage servicer for Secretary of VA foreclosed the Spooner Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

322.    The Plaintiff Spooner alleges, that on February 20, 2017 Nationstar executed a Foreclosure Deed granting the property to Secretary of VA.  The Foreclosure Deed was recorded on March 9, 2017 in the City of East Providence Land Evidence Records in Book 3880 at Page 240.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

323.     The Plaintiff Spooner also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Spooner Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."   As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Spooner Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".   As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Secretary of VA failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Spooner Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

324.     As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Spooner Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

325.     The Spooner Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## CLASS ALLEGATIONS

326.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

327.    Plaintiffs bring this action as a Class Action pursuant to Fed. R. Civ. P. Rule 23.

328.    The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners wherein Defendants breached the terms of the Representative Plaintiffs and Class Members mortgages by failing to foreclose and sell in the manner prescribed by ""applicable law"" when conducting foreclosures and mortgagee's sales between July 1, 2015 through August 29, 2017, in violation of R.I.G.L. § 19-14.11-1.

329.    The gravity of harm to the Representative Plaintiffs and members of the class resulting from the Defendants' wrongdoing outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

330.    Defendants' conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

331.    The Representative Plaintiffs and members of the class suffered quantifiable damages such as illegal servicing fees, loss of use and equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

332.    The Representative Plaintiffs and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

333.    The Representative Plaintiffs and members of the class seek actual, exemplary, punitive, and monetary damages.

334.    The Representative Plaintiffs claim on behalf of themselves and all others so similarly situated that the Defendants breaches of mortgage contracts by violating R.I.G.L. § 19-14.11-1 and failure to comply with applicable law as a condition precedent prior to exercising the Statutory Power of Sale, are the direct causes of the harms alleged herein.

335.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, claim that all foreclosures that occurred as a result of any foreclosure notices sent or published during the time in which Nationstar was not licensed as a third-party servicer are null and void for failure to comply with the condition precedent to Statutory Power of Sale outlined in the mortgages that the Defendants foreclose in the manner subject to and as prescribed by ""applicable law"".

336.    Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

337.    The Representative Plaintiffs do not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants. The Representative Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants books and records.  Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

338.    The Representative Plaintiffs and all members of the class have been subject to and affected by the same conduct.

339.    The questions of law and fact are common to the class and predominate over any questions affecting only individual members of the class. (i.e. Commonality).

340.    The claims of the Representative Plaintiffs are <u>typical of the claims of the class</u> and do not conflict with the interests of any other members of the class in that the Representative Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

341.    The Representative Plaintiffs will <u>fairly and adequately represent the interests of the class</u> as a whole.  The Representative Plaintiffs are committed to the vigorous prosecution of the class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

342.    A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

343.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

344.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

345.    It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

346.    The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

347.    It is desirable to concentrate the litigation of the claims in this particular forum.

348.    There are little to no difficulties likely to be encountered in the management of a classification.

## COUNT I
## BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT PRIOR TO EXERCISE THE STATUTORY POWER OF SALE (SERVICING LICENSE ALLEGATIONS)

349.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

350.    In Rhode Island, the right to exercise the power of sale in a mortgage is derived from the mortgage contract itself.

351.    In Rhode Island, a contract containing a requirement that any foreclosure and sale be conducted in a manner subject to and/or as prescribed or permitted by ""applicable law"" is construed as a condition precedent, which requires strict compliance.

352.    The Representative Plaintiffs' Mortgages all provide that any notice, foreclosure, and sale be conducted in a manner subject to, prescribed by and or permitted by "applicable law" at paragraph 22 of their respective mortgages.

353.    In Rhode Island, a mortgagee agreeing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law", must do so as agreed.

354.    In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of Paragraph 22 of the mortgages are obligations of the mortgagees.  Failing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law" pursuant to the mortgage is a breach of contract and renders a foreclosure sale void.

355.    As noted above, Representative Plaintiffs' Mortgages and members of the Class Plaintiffs' Mortgages state at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given

to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

356.     On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

357.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this

chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

358.    The Representative Plaintiffs allege that at the time the foreclosure notices were sent, the time of the foreclosure publications, the time of the auctions, the time of the execution of the foreclosure deeds, the time of the execution of the Affidavits of Sale in accordance with R.I.G.L. 34-11-22 and 34-27-4, and the time of the recordings of the foreclosure deeds, Nationstar was not a licensed third-party servicer on behalf of Fannie Mae in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1 and that Nationstar's initiation of the above actions without "first obtaining a license" were violations of the condition precedent that it must first obtain a license in accordance with the applicable law provisions of said mortgages, as such actions were classified as misdemeanor crimes and not permitted by applicable law.

359.    Representative Plaintiffs aver that all acts described above were in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and are void, invalid, and without force and effect, for Defendants' failure to comply with applicable law as a conditions precedent prior to exercising the Statutory Power of Sale.

360.    The Representative Plaintiffs allege, that the foreclosures and sales are in breach of paragraph 22 of the Mortgages, which requires that all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the properties secured by the Mortgages could only be sold in a manner prescribed by, subject to and permitted by "applicable law".

361.    As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar and Fannie Mae failed their obligation to the Plaintiffs

to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Mortgages for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

362.    As such, the notices, publications, foreclosures and sales are in breach of the terms of the Mortgage contracts due to Defendants' failure to foreclose and sell in the manner prescribed by, subject to and permitted by "applicable law". Therefore, the foreclosures and sales are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

363.    The mortgage contracts entered into by the Plaintiffs constitute valid offers.

364.    Upon the Plaintiffs executing those mortgage contracts and giving them to their Lenders/ Mortgagee, their Lenders. Mortgagees accepted those offers.

365.    Alternatively, the Plaintiffs and execution of those mortgage contracts thereby giving security interests in their property to their Lenders/Mortgagees constitute offers.  Acceptance of those offers occurred when Defendants accepted payments made by the Plaintiffs pursuant to their mortgage contracts.

366.    The mortgage contracts were supported by consideration.  The Plaintiffs' payments to Defendants constitutes consideration.

367.    The Plaintiffs, and Defendants thereby formed valid contracts and the Plaintiffs and were, are, and remain ready willing and able to perform under the contract.

368. Defendants breached the mortgage contracts made with the Plaintiffs by refusing to honor the terms of the mortgage contracts by failing to abide by "applicable law" when foreclosing and conducting mortgagee's foreclosure sales.

369. There was no compliance with the terms of the mortgages to exercise the statutory power of sales as indicated above.

370. Due to these failures to comply with the terms of the mortgages, no entity was contractually authorized to exercise the statutory power of sales and notice, publish, foreclose and sell at mortgagee's sale the properties of the Plaintiffs. These actions constitute a breach of contract, and failure to abide by conditions precedent as stated in the mortgages of the Plaintiffs, resulting in damages to the Plaintiffs.

371. As a result of the Defendants' improper and invalid notices, publications, and exercise of the statutory power of sale and purported foreclosure sale, the Plaintiffs' mortgage loan accounts were charged fees and costs and expenses for illegal servicing fees that were not permitted by applicable law including but not limited too certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

372. The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Defendants in noticing and seeking to conduct and/or conducting foreclosures and sales without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

373. The Plaintiffs have also incurred mental and emotional injuries and damages due to the improper foreclose and sale of their properties by Defendants without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

374.	The Plaintiffs have suffered harm and are threatened with additional harm from Defendants breaches, including but not limited to higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

375.	The Defendants breaches of contract and failure to comply with the condition precedent as noted herein above, are the direct cause of the harms alleged herein and not the Plaintiffs' failure to make their mortgage payments.

376.	Therefore, the Plaintiffs would not have suffered the foreclosure, sale, or the harms as noted herein were it not for the Defendants breach of the mortgage contract and failure to comply with "applicable law" as a conditions precedent as required by the mortgage of the Plaintiffs as noted herein.

377.	The Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

378.	The Plaintiffs are entitled to a declaratory judgment determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of their properties are void due to the Defendants' failure to comply with the condition precedent obligations to notice, foreclose, and sell in a manner prescribed by and permitted by "applicable law", pursuant to the mortgage contracts.

379.	The Plaintiffs are entitled to cancellation of costs and fees assessed to him for wrongful foreclosure, together with additional damages.

380.    The Plaintiffs are entitled to be returned to their status and circumstances prior to the foreclosure, and sale of their properties.

381.    The Plaintiffs are entitled to actual, monetary, punitive and exemplary damages for the loss of use and equity of their properties, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: February 11, 2022

<div style="margin-left:40%">

Respectfully Submitted,
The Representative Plaintiffs,
By their Attorney,


/s/ *Todd S. Dion*
Todd S. Dion Esq. (#6852)
15 Cottage Avenue, Suite 101
Quincy, MA 02169
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

</div>